7 N.J. Super. 156 (1950)
72 A.2d 393
DONALD G. DUTCHER, SURROGATE OF BERGEN COUNTY, AND THE COUNTY OF BERGEN, PLAINTIFFS-APPELLANTS,
v.
DEPARTMENT OF CIVIL SERVICE OF THE STATE OF NEW JERSEY AND JOSEPH ADELBERG, DEFENDANTS-RESPONDENTS.
Superior Court of New Jersey, Appellate Division.
Argued March 20, 1950.
Decided April 3, 1950.
*158 Before Judges JACOBS, McGEEHAN and EASTWOOD.
Mr. Milton T. Lasher, attorney for and of counsel with plaintiffs-appellants, argued the cause.
Mr. Ralph W. Chandless argued the cause for the defendant-respondent, Joseph Adelberg (Messrs. Chandless, Weller, Kramer & Frank, attorneys).
The opinion of the court was delivered by EASTWOOD, J.A.D.
At the conclusion of a hearing on charges preferred by plaintiff, Donald G. Dutcher, Surrogate of Bergen County, the employment of defendant, Joseph Adelberg, a Record Clerk in his office, was terminated. On Adelberg's appeal to the Civil Service Department of the State of New Jersey (hereinafter referred to as "Commission"), the judgment of the Surrogate was modified and Adelberg was suspended for a period of three months effective July 1, 1949. Plaintiffs appeal from the Commission's determination.
In February, 1949, Adelberg was suspended by the Surrogate for five days on the ground that he had failed and refused to comply with instructions of the Surrogate to correct certain erroneous entries made by Adelberg and to conform to the Surrogate's directions as to the manner of making *159 record entries. Upon Adelberg's return, he failed to make a number of corrections in his records in compliance with the Surrogate's instructions. Also, the Surrogate ascertained that other corrections had not been made as directed. On July 1, 1949, the Surrogate suspended Adelberg on charges of insubordination, incompetence and conduct unbecoming a civil servant and detrimental to the service. On July 8, 1949, a hearing on these charges was held, at the conclusion whereof the Surrogate found the defendant guilty and dismissed him. On September 23, 1949, at the Commission's hearing, proofs were submitted by the respective parties. On November 1, 1949, the Commission filed its determination that the defendant was guilty of non-cooperation and certain infractions of the rules of office procedure, and thereupon set aside the defendant's dismissal, substituting therefor a penalty of three months' suspension.
Plaintiffs contend that the judgment of the Commission should be reversed on the following grounds, viz.: (1) that the Commission lost its jurisdiction to enter its order of November 1, 1949, modifying the Surrogate's judgment of dismissal, as it failed to render a decision "* * * within fifteen days after the completion of the investigation, inquiry or hearing, and sooner if practicable, * * *" as required by R.S. 11:15-6; (2) that the Commission's order was an abuse of its discretion; and (3) that "The Civil Service Commission committed reversible error in conducting the hearing and in rendering its decision."
No useful purpose will be served by a discussion of the charges made against Adelberg or of the testimony of the witnesses with respect thereto. In fact, it is difficult to glean from the record the evidence that specifically relates to the alleged acts of misconduct in office for which he was dismissed, occurring after Adelberg's return to the office following his five-day suspension in February. A review of the evidence reveals that much of the testimony proffered to establish the charges against Adelberg recounted incidents that occurred prior to the date of his five-day suspension. This testimony *160 is admissible to establish Adelberg's general attitude of insubordination, etc., for several years preceding his five-day suspension, particularly in view of the Surrogate's testimony that upon his return after the termination of the five-day suspension, Adelberg still persisted in refusing to make corrections in the records and refused to cooperate with the Surrogate in maintaining the records in the manner and form in which the Surrogate had directed. However, the evidence of Adelberg's alleged acts of misconduct prior to the five-day suspension were not admissible to establish the charges upon which his discharge was predicated.
Until the adoption of P.L. 1938, c. 76, p. 191 (R.S. 11:2A-1), the Commission, on appeal from disciplinary action of the appointing authority under review here, could only affirm or reverse the finding  it could not modify. Maguire v. Van Meter, 121 N.J.L. 150 (E. & A. 1938). The 1938 act extended the authority of the Commission, granting it the same power of revoking or modifying the disciplinary action of the appointing authority, as it possessed in cases involving state employees. The 1938 Act was amended by P.L. 1946, c. 184, p. 771, § 1, to read as follows:
"No employee of the State, or of any county, municipality or school district of the State shall be suspended, fined, demoted for a period of greater than thirty days in the aggregate in any one year or discharged without the same right of appeal to the commission, which shall have the same power of revoking or modifying the action of such authority, as in the case of removal as provided in sections 11:15-2 to 11:15-6 of the Revised Statutes. No such employee shall be suspended, fined or demoted for a period greater than five days at one time without the same right of appeal, with the same authority in the commission as aforesaid."
It is quite clear that under the 1938 Act, as amended, the Commission was authorized, at the conclusion of the hearing, to review the evidence, reach its determination as to the guilt or innocence of the employee and, in its judgment, to modify the penalty imposed by the appointing authority.
Plaintiffs contend that if the Commission undertook to act under the authority of R.S. 11:2A-1, it could only *161 do so by rendering its decision within fifteen days after the completion of the hearing. R.S. 11:2A-1 indicates a legislative intent to broaden the authority of the Commission, permitting it to exercise its judgment in determining whether the penalty imposed by the appointing authority should be approved or modified and, if modified, by the imposition of a different penalty. The only limitation placed upon the Commission in such circumstances is that it could not remove the employee from the service in substitution of a lesser penalty by the appointing authority. R.S. 11:15-6. The Legislature obviously intended that the Commission should file its decision without undue delay. However, it would result in injustice to the employee if the Commission's determination here was voided solely on the ground that it was not filed within the fifteen-day period. Both parties have cited cases which appear to express contrary views as to whether the fifteen-day period for filing the Commission's decision is directory or mandatory. It is not essential that we engage upon a discussion of these cases. Assuming, but not conceding, the uncertainty of the applicable law, the issue has been settled by the recent case of Temple v. Storch Trucking Co., 3 N.J. 42 (Sup. Ct. 1949), where the effect of the statutory provision that the determination of the county court in an appeal of a workmen's compensation proceeding should be made within ninety days after the filing of the transcript was discussed and determined. Mr. Justice Case, speaking for the Supreme Court, stated:
"The direction of the statute that the determination of the county court shall be made within ninety days after the filing of the transcript is directory. Ten Eleven Corporation v. Brunner, 135 N.J.L. 558 (Sup. Ct. 1947); Weinberger v. Erie Railroad Co., 86 N.J.L. 259 (E. & A. 1914). The weakness of the contention that the statutory direction is mandatory and that non-performance automatically results in a dismissal of the appeal becomes the more obvious if one poses the case that a claimant loses in the Bureau and upon appealing to the county courts is awarded a reversal after the ninety day period. We have no idea that the right of recovery under the Workmen's Compensation Act was intended by the Legislature to be denied the claimant by the failure of the county court to observe the statutory period in filing its decision. The same reasoning must be applied to both sides."
*162 The plaintiffs contend that the Commission abused its discretion in modifying the penalty imposed on the employee, thereby "establishing, without statutory authority to support it, a lower and different standard of Civil Service than that which applies to other civil servants with less service." Plaintiffs argue that the Commission, in effect, based its determination on the ground that Adelberg had been in the Surrogate's employ for the preceding twenty years, and the penalty of dismissal was, therefore, too severe. The authority of the Commission under R.S. 11:15-6 provides that "The commission may, when in its judgment the facts warrant it, modify or amend the penalty imposed by the appointing authority or substitute another penalty for that imposed, * * *" (italics ours). This statutory provision specifically empowers the Commission to exercise "its judgment," in the light of the factual situation revealed by the testimony, to determine whether the penalty of the appointing authority shall be approved or modified. The Commission's determination should not be set aside unless it appears that it was not reasonably supported by competent evidence or that it was arbitrary or capricious. The presumption arises that the the order made is a reasonable and valid exercise of the authority legislatively conferred upon the Commission and the burden of establishing the contrary is upon him who asserts it. State Board of Milk Control v. Newark Milk Co., 118 N.J. Eq. 504 (E. & A. 1935). "The entire civil service system is a creature of statute. The commission is created by statute and performs statutory duties. * * * and we know of no provision of law which enables us to substitute our judgment for the commission within the scope of their authority." Higgins v. Civil Service Commission, 135 N.J.L. 238 (Sup. Ct. 1947). Cf. Rubright v. Civil Service Commission, 137 N.J.L. 369 (Sup. Ct. 1948); Lakewood Express Serv. v. Board of Public U. Com'rs., 1 N.J. 45 (Sup. Ct. 1948). However, in order to prevent the transgression of the limitation of power of the quasi-judicial agency, the power of the court to review, in the situation here presented, has *163 been firmly established by our courts. The Legislature cannot broaden "that scrutiny and determination by any declaration or legislative finding" but "* * * the court will not presume to substitute its judgment for that of such quasi judicial body where there is proof to support the conclusion of the Board." Lakewood Express Serv. v. Board of Public U. Com'rs., supra. Our review of the evidence satisfies us that the judgment of the Commission was not unreasonable, arbitrary or capricious.
Plaintiffs contend that the Commission committed reversible error in its conduct of the hearing and rendering its decision. They argue that there is nothing in the record returned by the Commission to indicate that a delegation was made to one or more of the members of the Commission to conduct the hearing; that the hearing Commissioners, during the proceeding, struck out certain specifications of charges so that these matters were not before the entire Commission; however, plaintiffs concede that the record contains the evidence "to support these specifications." The case of Hohorst v. Marion Bus Transp. Co., Inc., 5 N.J. Super. 279, is applicable, wherein it was stated:
"The appellants challenge the order of the board (1) because it fails to disclose on its face that the testimony was read or made known to anyone other than Commissioner Powers, who heard the case, and (2) because it does not show that a majority vote was taken. No authority for any such requirements has been cited to us and we know of none. * * *"
In the case sub judice, the decision and order of the Commissioners clearly indicates that it arrived at its determination after "a careful review of the record."
Plaintiffs insist that the hearing Commissioners erred in rejecting certain evidence proffered by them and admitted, over their objection, other evidence introduced by the defendant, Adelberg. Our examination of the record convinces us that there was no harmful error in the rulings complained of. It is well settled that in the conduct of such hearings, governmental bodies being primarily administrative and not *164 judicial, should not be held to strict conformity with the judicial procedure required in a court of law, but that the employee shall be given a fair and impartial trial. McAlpine v. Garfield Water Commission, 134 N.J.L. 432 (Sup. Ct. 1946). These elements of fairness and impartiality appear in the conduct of the hearing sub judice and the deliberations and decision that followed.
We have reviewed the other grounds relied upon by plaintiffs for reversal and find no substance therein.
The determination of the Civil Service Commission is affirmed.