50 N.J. Super. 250 (1958)
141 A.2d 788
CITY OF PLAINFIELD, A MUNICIPAL CORPORATION OF THE STATE OF NEW JERSEY, PLAINTIFF-APPELLANT,
v.
ESTHER G. SIMPSON AND DEPARTMENT OF CIVIL SERVICE OF THE STATE OF NEW JERSEY, DEFENDANTS-RESPONDENTS.
Superior Court of New Jersey, Appellate Division.
Argued March 31, 1958.
Decided May 20, 1958.
*252 Before Judges PRICE, HANEMAN and SCHETTINO.
Mr. Edward Sachar argued the cause for plaintiff-appellant.
Mr. Henry W. Clement argued the cause for defendant-respondent Esther G. Simpson.
Mr. David Landau, Deputy Attorney-General filed a statement in lieu of brief on behalf of Department of Civil Service of the State of New Jersey.
The opinion of the court was delivered by PRICE, S.J.A.D.
Appellant seeks to reverse "that part of the decision and order of the Department of Civil Service of the State of New Jersey" (hereinafter referred to as Department) dated May 21, 1957, setting aside the penalty of dismissal of respondent Esther G. Simpson, an employee in the Department of Welfare of the City of Plainfield, substituting a lesser penalty of five months' suspension operative from September 12, 1956 to February 11, 1957, and restoring respondent to her position with compensation as of February 12, 1957.
Defendant Esther G. Simpson, as the result of hearings held by the Common Council of the City of Plainfield, was by a vote of eight to two on December 3, 1956 found guilty *253 of the following charges and removed from her position forthwith:

"A.

FALSE REPORTS AND/OR ENTRIES
1. On April 30, 1956, said employee did cause to be issued a check payable to the Salvation Army in the sum of $38.75 on a nonexistent case, and credited said payment to an existent case No. 7961.
2. On April 30, 1956, said employee did cause to be issued a check in the sum of $1.95 payable to Academy Pharmacy on an existent case No. 8339 but closed at the time, and credited said payment to another case which was opened at the time. No. 8620.
3. On April 10, 1956, said employee caused to be issued a check in the sum of $119.90 to the Borough of South Plainfield, New Jersey, for the account of Case No. 8180, and included therein the sum of $2.57 to the case of 8639, failing to make up an authorization and case review card form NJR3.

B.

VIOLATION OF LAWFUL AND REASONABLE OFFICIAL REGULATIONS
2. On or about February 13, 1956, said employee did cause to be delivered from No. 620 Johnston Drive, Watchung, New Jersey, to the premises of said employee No. 120 Central Avenue, Plainfield, New Jersey, 2 Chest of Drawers, 1 Bed and 1 spring and mattress, property of the Welfare Department, said property still being in the possession of said employee.

C.

NEGLECT OF DUTY
1. Said employee failed to follow through to a final determination inquiry of Irving Engelman, Chief of Assistance, Department of Institutions and Agencies, dated February 28, 1956, contrary to R.S. 44:8A-41.
3. Said employee failed to carry out order of Ernest Burns, Acting Welfare Director of April 21, 1956, wherein the said employee was directed to make a survey of cases within 26 days.
4. Said employee on January 5, 1956, failed to have applicant make affidavit to correctness of statements in case No. 8617 pursuant to R.S. 44:8-119 and failed to make an investigation pursuant to State of New Jersey, Department of Institutions and Agencies, Division of Welfare Bureau of Assistance, Standards and Regulations, Regulation No. 2.500.
5. Said employee failed to make the necessary investigation in case No. 8106 pursuant to State of New Jersey, Department of Institutions and Agencies, Division of Welfare, Bureau of Assistance, Standards and Regulations, Regulation No. 2.500.
6. Said employee failed to obtain the necessary affidavit pursuant to R.S. 44:8-119 in case No. 8426 and failed to make the necessary *254 investigation in accordance with State of New Jersey, Department of Institutions and Agencies, Division of Welfare, Bureau of Assistance, Standards and Regulations, Regulation No. 2.500.
7. Said employee failed to obtain the necessary affidavit pursuant to R.S. 44:8-119 in case No. 8618 and failed to make the necessary investigation in accordance with State of New Jersey Department of Institutions and Agencies, Division of Welfare Bureau of Assistance, Standards and Regulations, Regulation No. 2.500.
8. Said employee failed to obtain necessary affidavit pursuant to R.S. 44:8-119 in case No. 8614 and failed to make the necessary investigation in accordance with State of New Jersey Department of Institutions and Agencies, Division of Welfare, Bureau of Assistance, Standards and Regulations, Regulation No. 2.500.
9. Said employee failed to obtain the necessary affidavit pursuant to R.S. 44:8-119 in case No. 8653 which case also was without investigation and not in accordance with State of New Jersey, Department of Institutions and Agencies, Division of Welfare, Bureau of Assistance, Standards and Regulations, Regulation No. 2.500.
10. Said employee failed to obtain the necessary affidavit pursuant to R.S. 44:8-119 in case No. 8404 and failed to make the necessary investigation in accordance with State of New Jersey, Department of Institutions and Agencies, Division of Welfare, Bureau of Assistance, Standards and Regulations, Regulations No. 2.500.

D.

CONDUCT UNBECOMING AN EMPLOYEE IN THE PUBLIC SERVICE
1. Garnishment proceedings were served upon the City making it necessary for the Finance Officer to deduct amounts from the salary of said employee in the following matters.
(a) Doop's East Orange v. Esther Simpson in the total sum of $145.00.
(b) J.G. Mulford Company v. Esther Simpson in the total sum of $153.66.
(c) Encyclopedia Incorporated v. Esther Simpson in the total sum of $155.13.
2. The said employee did fail to pay her bills on time resulting in inquiries made at the Department of Welfare by creditors of the said employee.
3. The said employee failed to turn over to the Welfare Department the sum of $100.00 given to her by Chester Schenck in the spring of 1953, the said sum representing a reimbursement for assistance granted the said Chester Schenck by the Welfare Department.
4. Said employee's driving record while an employee of the Welfare Department of the City of Plainfield is as follows:

 4/10/48  auto accident, Belleview Avenue.
 9/30/49  E. Front St., Farragut Road. Drunken
 Driving, fined $200.00 and costs. License
 revoked for two years.
 8/6/52  auto accident, W. 8th St., and Spooner
 Avenue. (Beatrice Abrams.)

*255
 1/18/56  auto accident (city car) pedestrian, W.
 Front St. and Central Ave. (Adolph Brandt.)
 9/28/45  Suit filed by State of New York and James
 McLaughlin, for $25,000.00. Mrs. Haldeman
 (Simpson) then told City of Plainfield that
 a drunk had lurched into the side of her
 car, at Park Row and Beekman St., New York
 City. He had been taken to Bellevue
 Hospital. Time of accident, 11:10 p.m.,
 date of accident August 1, 1945. (city car)
 5/26/55  Woodland Avenue, South Plainfield. Forced
 off road by another car, hit tree. Damage
 to City car over $400.00. Car replaced by
 new one. Time: 6:30 p.m."

On appeal by respondent to the Department and following a hearing de novo on May 21, 1957, it found Mrs. Simpson guilty of charges A-1, 2 and 3; C-1, 3, 4, 5, 6, 7, 8, 9 and 10; and D-3, and not guilty of charges B-2 and D-1, 2 and 4, but modified the penalty as aforesaid.
An order of this court dated October 22, 1957 denied respondent's application to file a cross-appeal from the Department's aforesaid ruling, which application was made after the expiration of the time permitted by the rules. A cross-appeal from the Department's augmented findings hereinafter referred to was dismissed by order of this court dated February 25, 1958.
This case at an earlier stage was before this court on an appeal by the City of Plainfield from the aforesaid order of the Department dated May 21, 1957. This court in a per curiam opinion rendered December 4, 1957 said in part:
"The present appeal prosecuted by the City of Plainfield pertains to an alleged arbitrary and capricious feature of a decision rendered by the Department of Civil Service in the above entitled proceedings on May 21, 1957.
Succinctly stated, the respondent Esther G. Simpson, whose name appeared on the civil service employment list, was appointed to the position entitled `Family Visitor' of the City of Plainfield on October 4, 1943. She was promoted on January 1, 1946 to the position of `Social Investigator,' and on January 17, 1950 the title of her position was changed to that of `Social Case Worker,' in which employment she continuously engaged until September 12, 1956, when she was suspended without pay by the municipal Director of Welfare pending a hearing before the Common Council of the accusations presented against her.
*256 Hearings were conducted by the city council on November 19, 26 and December 3, 1956, at the conclusion of which the majority of the members of the Common Council resolved that she was guilty of 17 of the 19 charges specified, that her suspension without pay on September 12, 1956 be confirmed, and that she be dismissed from her position on December 3, 1956.
She thereupon exercised her statutory privilege of having the propriety of her dismissal reviewed by the Department of Civil Service. N.J.S.A. 11:15-1, et seq. A complete hearing de novo, at which many witnesses testified, was pursued before two commissioners, and on May 21, 1957 the commission announced in a written decision its findings of fact and conclusions. The determination of the commission, derived from its consideration of the testimony and exhibits, was that Mrs. Simpson had committed 13 of the specified improprieties.
It is important immediately to note that those convictions of misbehavior are not in any wise impugned by the present appeal or by a cross-appeal. The subject to which the city invites our appellate attention is that despite the establishment of those charges, the commission ordained that the dismissal of Mrs. Simpson by the Common Council of the city was `too severe,' and that she `be restored to her position with compensation as of February 12, 1957,' the intermediate suspension of five months constituting a substituted penalty."
This court after expressing its recognition of the seriousness of the charges found the record deficient in the omission by the Department of reasons for the modification of the penalty and said:
"Our imperative indulgence in the presumption that the modification of the penalty in the present proceedings was ordered by the commission in the valid and reasonable exercise of its legislatively conferred authority guides us also to the basic prima facie or tentative assumption that the commissioners perceived in the facts a rational cause for flattening the discretionary action of the municipal governing body.
Our perplexity arises from the omission in the decision of the commission of any explanatory reasons for the modification of the penalty. Compare, Borough of Park Ridge v. Salimone, 21 N.J. 28, 39 (1956)
Since the modification is the kernel of the present appeal, knowledge of the undisclosed facts which in the judgment of the commission warranted its action is of vital importance in affording a proper basis for effective judicial review.
Left as we are in the silence of mere surmise and conjecture, we have resolved temporarily to retain the present appeal and to remand the proceedings to the Department of Civil Service for prompt reconsideration, and to transmit to this Division its augmented findings and determination in response to this opinion."
*257 Pursuant thereto an order of this court was entered December 19, 1957 retaining the appeal and remanding the cause to the Department to "make such further findings and determination as it deems advisable in the premises." No further evidence was taken before the Department, but in conformity with the direction of this court the Department made "Augmented Findings and Determination," dated January 7, 1958, as follows:
"The appellant, Esther G. Simpson, was employed by the City of Plainfield from November 5, 1942, until the time of her suspension on September 12, 1956. During her 14 years of service, no charges were ever preferred against her until September 12, 1956, nor were any reports made to the Civil Service Department that her work or services were unsatisfactory.
Even though she was found guilty of charges A, 1, 2 and 3, in these items there were no acts of dishonesty on her part, and as the evidence regarding these matters is reviewed, they appear to be items of improper or careless bookkeeping. We do not believe the appellant deliberately intended to falsify these records.
With respect to the items listed under C, the record reveals that appellant made investigations, but due to the pressure of the heavy case load, did not have the opportunity to write case reports on these investigations. Again, it is our observation that even though guilty of these items, there appeared to be no deliberate intent on the part of the appellant to mislead anyone nor to neglect her work, even though she did not follow instructions completely and observe certain requirements of law with respect to obtaining affidavits from relief recipients. Many witnesses testified for the appellant with respect to their dealings with her over the years in welfare cases, and they found her to be cooperative and diligent.
Under charge D, Item 3, the defendant was found guilty in failing to turn over to the Department of Welfare of Plainfield, New Jersey, the sum of $100.00. Normally, the taking of $100.00 would constitute cause for discharge. According to the testimony, however, this took place in 1952 or 1953, and even though known to the then Relief Director and two other employees of the Welfare Department, the matter was never mentioned or acted upon until the appellant began to experience difficulty with the Chairman of the Local Assistance Board in June of 1956. Because the Relief Director and others had knowledge of the $100.00 incident in 1952, it is our feeling that this did not represent the principal motivation in her removal. Moreover, the fact that no action was taken against her promptly may have prejudiced her opportunity to adequately defend such a charge. It is our observation that disciplinary or even criminal action should have been taken against Mrs. Simpson long before June of 1956.
*258 According to the testimony the appellant had requested Officer Wilson to issue a ticket to Councilman Gondyke because his car was parked in the wrong place. Some three days later Mr. Gondyke talked to Mrs. Simpson and said, `You are the one. I'll get you.' There were other remarks made by Mr. Gondyke where he said he did not like Mrs. Simpson before he got the ticket and after he got the ticket he hated her.
Mr. Norman J. Abrams, an attorney, testified that he had talked to Councilman Gondyke in September of 1956 regarding the Simpson case and some of the minor charges and that Henry (Gondyke) said, `That was not all they had and they are going to burn her. They would throw the book at her.'
We feel that due to the incident with Councilman Gondyke, even though he did not participate in the common council proceedings, there did exist some bias and prejudice toward the appellant. These things, rather than the $100.00 incident, we believe, brought about the appellant's suspension and removal. These considerations brought us to the conclusion that there are some extenuating circumstances, in this case, as a result of which the Commission reached the decision that the penalty of removal was too severe and that in lieu of the removal a suspension for five months without pay is adequate and sufficient punishment."
The matter is before us for decision following the return of the "Augmented Findings and Determination."
We reiterate the expression contained in the earlier opinion of this court as follows:
"Assuredly, the Civil Service Commission possessed the statutory power to lessen the penalty imposed by the municipal appointing authority and to substitute a modified penalty when in its judgment the facts warrant such action. N.J.S.A. 11:15-6; P.L. 1946, c. 184, p. 771, § 1; N.J.S.A. 11:2A-1. Vide, Dutcher v. Department of Civil Service, 7 N.J. Super. 156 (App. Div. 1950); [Borough of] East Paterson v. Civil Service Dept. of N.J., 47 N.J. Super. 55, 64 (App. Div. 1957); cf. City of Asbury Park v. Dept. of Civil Service, 17 N.J. 419 (1955).
As it reaches us, the question is a narrow one. Did the facts expressly determined by the commissioners reasonably warrant the modification of the initial penalty? * * *"
Our review of the entire record has convinced us that the facts expressly determined by the Department did not reasonably warrant the modification of the initial penalty and that its determination and order should be reversed. In so concluding we have recognized that the "consideration *259 of bona fide action on the part of the municipality is an essential part of the Civil Service Commission's reviewing function, with respect to the issues of both guilt and penalty," and that the test to be applied by this court is "whether that action was reasonable in the light of all the testimony and circumstances." Borough of East Paterson v. Civil Service Dept. of N.J., 47 N.J. Super. 55, 66, 67. This court in an appropriate situation has power to make its own fact findings R.R. 1:5-4(b); R.R. 2:5, Borough of Park Ridge v. Salimone, 21 N.J. 28 (1956); Borough of East Paterson v. Civil Service Dept. of N.J., supra, 47 N.J. Super. at page 65.
In the aforesaid per curiam opinion of this court in the case at bar we said:
"We would ordinarily suppose that a deliberate breach of integrity by a social case worker in the use of public funds would be unpardonable by supervisory governmental officials or agencies, especially when accentuated, as here, by proof of the making of several additional false reports and record entries in other instances. Certainly, in the abstract, the dismissal from employment of such a municipal employee for dishonesty is not reasonably to be regarded methodically as too severe a forfeiture."
The augmented findings do not afford a reasonable basis for the modification order of the Department.
The case of Borough of Park Ridge v. Salimone, supra, involved proceedings for the removal of the municipal police chief. The borough had dismissed him following hearings on the charges presented which specifically alleged "misconduct in office based upon factual allegations of conduct unbecoming an officer and subversive of good order and discipline of the police force." The Civil Service Commission reversed the borough council's order.
The Appellate Division reversed the Commission's order (36 N.J. Super. 485) and the Supreme Court affirmed the Appellate Division. The order of the borough council was reinstated. That case recognized the right of the appellate tribunal under circumstances warranted by the record below, to make its own findings of fact as to the guilt of the accused.
*260 In the case at bar respondent's guilt has been determined by the Department and, as stated, the sole question before us is whether the modification of the penalty was reasonable.
We hold that the reasons expressed by the Department following the remand by this court did not warrant the modification of the penalty imposed by the borough council.
The Department in its original decision in which it determined that respondent was guilty of charges A-1, 2 and 3 said: "These facts indicate that the appellant was careless in her record work and such irregularities can properly be termed false reports or entries." In its "Augmented Findings and Determination" the Department stated as hereinabove set forth that "as the evidence regarding these matters is reviewed, they appear to be items of improper or careless bookkeeping" and further stated that the Department believed that the appellant did not deliberately intend to falsify the records. These charges were not mere bookkeeping errors as asserted by the Department in its "Augmented Findings and Determination." They were false entries and were so labelled by the Department in its original determination. The charges should not be condoned.
With reference to charges C-1, 3, 4, 5, 6, 7, 8, 9 and 10, the Department had in its original determination dated May 21, 1957, said:
"There appears to be ample proof to show that the appellant is guilty of charges 1, 3, 4, 5, 6, 7, 8, 9 and 10 under `C' entitled `Neglect of Duty.' * * * There appeared to be no reasonable excuse for her failure to make reports on these cases."
In its "Augmented Findings and Determination" it outlined its further views as hereinabove expressed in detail.
These charges should not be treated as items of excusable neglect. The Department found excuse for the failure to make these required reports by reason of the asserted large case load which respondent had. This finding ignores the evidence of the work accomplished by a co-worker in the Welfare Department who had an equal case load. It discards the admitted fact that respondent ignored the direction of *261 her superior and made no report to him of any case within the prescribed time limit. The Department's finding further ignores the fact that at a meeting of the local assistance board held on May 23, 1956, when Mrs. Simpson was asked to produce her records, it developed that the work had not been done. She then gave no excuse for her failure so to do nor did she then make any complaint that the work could not be done because of case load demands. In its original decision the Department had determined that there appeared to be no reasonable excuse for the present respondent not to make reports on the cases in question and that it would have been a simple task for her to have procured the proofs which were required by law and completed the reports.
With reference to item D-3 the prior determination of the Department, dated May 21, 1957, stated:
"* * * Mrs. Simpson denied she ever received $100.00 from Chester Schenck and denies the testimony of Mrs. Hamm and Mrs. Vallance. In this conflict, we are inclined and do accept the word of the two witnesses that the $100.00 was paid by Mr. Schenck to Mrs. Simpson. Schenck's testimony is seriously impaired due to his many convictions, but in light of the other proof, his word is not necessary to establish the payment of the $100.00. In the circumstances we accept the testimony of Mrs. Hamm and Mrs. Vallance on this subject."
and then under the caption of "Conclusion" stated:
"On the basis of the findings set forth hereinabove, it is concluded that, of the charges prosecuted in this appeal, there is sufficient proof to support Charges A-1, 2, and 3, C-1, 3, 4, 5, 6, 7, 8, 9, and 10, and D-3. The proofs, however, were insufficient to support Charges B-2 and D-1, 2, and 4. It is our further conclusion that, although the appellant has failed to sustain her appeal and it must be set aside, the penalty of removal, under the circumstances, was too severe, that the action of the Common Council of the City of Plainfield should be set aside and a lesser penalty substituted therefor."
In its augmented findings on these charges the Department, after observing that normally the taking of $100 would constitute cause for discharge, stated that the events relative thereto transpired in 1952 or 1953 and, although the then *262 relief director and two other employees of the Welfare Department had knowledge of it, the matter was not acted upon until Mrs. Simpson experienced difficulty with the chairman of the local assistance board in June 1956, and expressed the "feeling" that "the principal motivation in her removal" was not based on the charges presented.
The Department held also that the fact that no action was taken against her promptly "may have prejudiced her opportunity to adequately defend such a charge." It then referred to testimony that one of the councilmen had become irate over a parking ticket which it was asserted had been issued against him at the request of Mrs. Simpson, and expressed the belief that due to the incident in question, although the councilman did not participate in the proceedings, "there did exist some bias and prejudice toward Mrs. Simpson" and that "these things, rather than the $100.00 incident" resulted in her removal. The Department held that "these considerations brought us to the conclusion that there are some extenuating circumstances," and therefore modified the penalty.
We hold that there is no justification for modifying the penalty originally imposed by the council. The reasons assigned by the Department do not justify its position nor do they weaken the gravity of the charges.
Although the single question before us is the propriety of the Department's modification of the penalty imposed by the appellant with reference to the charges of which the Department had found Mrs. Simpson guilty, it is to be noted that the basic issue the Department had before it was whether Mrs. Simpson was guilty; not what motivated the presentation of the charges.
The facts established in this record are that Mr. Durant, a former welfare director, had retired on or about March 31, 1956. He was succeeded by an acting director, Mr. Burns, who in turn was succeeded by the present director on July 2, 1956.
Following the retirement of Mr. Durant investigation of the Welfare Department was undertaken. It was as a *263 result of that investigation that the charges of which Mrs. Simpson was found guilty by the Department of Civil Service were made. The record is barren of any evidence that prior to the investigation the governing body of the municipality or the local assistance board knew of the subject matter of the charges of which she was convicted by the Department. The charges of which the city did have knowledge prior to April 1, 1956, which included the garnishment proceedings, the accident record and the conviction for drunken driving, were dismissed by the Department on appeal. We are concerned here only with the propriety of the modification of the penalty imposed with reference to the charges of which respondent was found guilty by the Department.
With reference to the claimed delay, the evidence establishes that proof as to the receipt and wrongful retention of the $100 was not secured until after the investigation was made in 1956. There was no evidence that Mr. Durant had knowledge that the money had not been returned. Action was taken promptly after the facts were known by the city. Aside from these facts the question of the time of the presentation of the charges was not the basic question before the Department. The guilt or innocence of the present respondent was the issue.
Assertion is made that one of the councilmen (Mr. Gondyke) was opposed to respondent. The fact is that on his own application he was excused from participation in the proceedings after the first day's hearing. Any claim of bias or prejudice on his part does not lessen the gravity of the asserted charge. The record is barren of any bias on the part of the members of the common council who sat in judgment of this matter. The finding by the Department that "there did exist some bias and prejudice toward Mrs. Simpson" can have no significance save to suggest that by virtue thereof the Department concluded that the eight members of the council stultified themselves, violated their duty, were influenced improperly by the fact that Mr. Gondyke was angry with Mrs. Simpson over a parking ticket incident, *264 and bowed to Mr. Gondyke's alleged desire for revenge. We find no justification therefor in this record. The record contains nothing to warrant the finding that the members of the council voting for respondent's ouster acted other than uprightly and in accordance with their solemn obligation to discharge their duty impartially.
As stated in the Borough of Park Ridge case, supra, a question of morale of city employees is involved in an action such as the one at bar. The proper performance by Mrs. Simpson of her duties as an employee of the municipality, her obedience to her superior's direction, her compliance with the requirements of the law, the necessity of scrupulous care in all financial matters, are crucial. Her failure to adhere to these standards should not be treated by the Department as punishable only by the modified penalty imposed, particularly when the reasons expressed for such modification are as insubstantial as here asserted.
That part of the findings and determination of the Department of Civil Service dated May 21, 1957, which set aside the penalty of dismissal imposed by the Common Council of the City of Plainfield and substituted a lesser penalty therefor, is reversed. The order of dismissal of respondent by the Common Council of the City of Plainfield is reinstated.