164 N.J. Super. 421 (1978)
396 A.2d 1150
NEW JERSEY DEPARTMENT OF CORRECTIONS, APPELLANT,
v.
JESUS TORRES, RESPONDENT.
Superior Court of New Jersey, Appellate Division.
Submitted November 27, 1978.
Decided December 15, 1978.
*422 Before Judges CONFORD, PRESSLER and KING.
Mr. John J. Degnan, Attorney General of New Jersey, attorney for the appellant (Ms. Erminie L. Conley, Assistant Attorney General, of counsel; Ms. Janice S. Mironov, Deputy Attorney General, on the brief).
Ms. Jane B. Terpstra, Acting Director, Legal Aid Society of Mercer County, attorney for the respondent (Mr. Richard Dana Krebs on the brief).
The opinion of the court was delivered by PRESSLER, J.A.D.
In this civil service matter, the appointing authority, New Jersey Department of Corrections (Department), appeals from the determination of the Civil *423 Service Commission (Commission) reducing the penalty imposed by the Department upon its employee, Jesus Torres, a corrections officer assigned to Trenton State Prison. The Department, on a finding that Torres had fallen asleep while on mess hall guard duty, removed him from service. The Commission, on Torres' appeal, sustained the disciplinary finding but modified the penalty to a 60-day suspension.
The Department's appeal would appear to implicate nothing more than a relatively routine exercise of the appellate review function, namely the determination as to whether the Commission's decision was supported by sufficient credible evidence on the record as a whole and was neither arbitrary, capricious nor unreasonable. That is, of course, the classic standard of review applicable to quasi-judicial determinations of administrative agencies, including the Civil Service Commission. See, e.g., Campbell v. Civil Service Dep't, 39 N.J. 556, 562 (1963); In re Darcy, 114 N.J. Super. 454, 463 (App. Div. 1971). What has, however, emerged in our review of this matter is the existence of an aberrant line of case-law authority applying a different and substantially stricter standard of review to penalty-modification determinations of the Civil Service Commission. We regard this authority as having so effectively and erroneously permeated this category of Commission jurisdiction as to necessitate as prompt and pervasive a rectification as possible.
We start our reconstruction of the applicable law in mid-point with Justice Hall's opinion for a unanimous court in West New York v. Bock, 38 N.J. 500 (1962). One of the primary issues there involved was the appointing authority's contention that "the Civil Service Commission may not modify disciplinary action taken by the appointing authority in municipal service cases absent a clear abuse of discretion." Id. at 514. In making this contention the municipality was patently relying on Newark v. Civil Service Comm'n, 115 N.J.L. 26, 30 (Sup. Ct. 1935), whose express holding was that under the then existing statutes the power of the Civil Service Commission to modify the penalty of a *424 local appointing authority was limited to such local discipline as was "so utterly disproportionate to the offense as to constitute an arbitrary and unreasonable exercise of power * * *." The import of Justice Hall's painstaking historical analysis in West New York v. Bock, supra, 38 N.J. at 514 to 518, was to demonstrate that by reason of statutory amendment this standard of review had had, since 1930, no applicability to the state service, and was furthermore, since 1946, no longer applicable to the local service either. The legislative event which occurred in 1930 was the amendment of what is now N.J.S.A. 11:15-6, then applicable only to the state service. That amendment conferred de novo penalty review jurisdiction upon the Commission by providing that
The commission may, when in its judgment the facts warrant it, modify or amend the penalty imposed by the appointing authority or substitute another penalty for that imposed, except that removal from the service shall not be substituted for a lesser penalty.
The legislative event which occurred in 1946, and which vitiated the Newark v. Civil Service Comm'n, supra, standard in respect of the local service as well, was the amendment of N.J.S.A. 11:2A-1. That amendment extended to the local service the full jurisdictional scope accorded the Commission by the 1930 amendment of N.J.S.A. 11:15-6. As Justice Hall further noted, the statement appended to the bill resulting in the 1946 amendment explained its purpose as expressive of the legislative intention to give the Civil Service Commission authority to substitute a lesser penalty than discharge when "it is of the conclusion that the penalty imposed is inequitable and is not appropriate to the violation charged." Thus, Justice Hall concluded as follows:
We think this legislative history, culminating in the 1946 enactment with the statement of purpose just recited, conclusively establishes that since that date the Commission has been required, on a de novo hearing on appeal from municipal action, to redetermine the penalty just as it must redetermine guilt and that this *425 is so even where the only issue may be the propriety of the penalty imposed below. The former rule of the overriding effect of punishment fixed by the appointing authority, absent a clear abuse of discretion, no longer lives and the town's contention is consequently without merit. [38 N.J. at 519; Emphasis supplied]
In the period between the 1946 amendment of N.J.S.A. 11:2A-1 and the 1962 Supreme Court decision in West New York v. Bock, supra, this court readily perceived that the import of this legislative complex was the effective overruling of the standard articulated in 1935 by Newark v. Civil Service Comm'n, supra. Thus, in Dutcher v. Civil Service Dept., 7 N.J. Super. 156 (App. Div. 1950), a county appointing authority argued that the Commission had abused its discretion in reducing the removal penalty imposed by it upon a county employee to a three-month suspension. In considering the impact of the concluding sentence of N.J.S.A. 11:15-6 and its applicability to the local service the court held that
This statutory provision specifically empowers the Commission to exercise "its judgment," in the light of the factual situation revealed by the testimony, to determine whether the penalty of the appointing authority shall be approved or modified. The Commission's determination should not be set aside unless it appears that it was not reasonably supported by competent evidence or that it was arbitrary or capricious. The presumption arises that the order made is a reasonable and valid exercise of the authority legislatively conferred upon the Commission and the burden of establishing the contrary is upon him who asserts it. * * * "The entire civil service system is a creature of statute. The commission is created by statute and performs statutory duties. * * * and we know of no provision of law which enables us to substitute our judgment for the commission within the scope of their authority." * * * However, in order to prevent the transgression of the limitation of power of the quasi-judicial agency, the power of the court to review, in the situation here presented, has been firmly established by our courts. The Legislature cannot broaden "that scrutiny and determination by any declaration or legislative finding" but "* * * the court will not presume to substitute its judgment for that of such quasi judicial body where there is proof to support the conclusion of the Board." * * * Our review of the evidence satisfies us that the judgment of the Commission was not *426 unreasonable, arbitrary or capricious. [at 162-163; citations omitted]
The foregoing holding in Dutcher, correct, unexceptionable, and presaging West New York v. Bock, supra, was followed by East Paterson v. Civil Service Dep't, 47 N.J. Super. 55 (App. Div. 1957). In that case the Civil Service Commission had set aside the removal penalty imposed by a municipality on a police officer and, although finding him guilty of the disciplinary charges, reduced the penalty to a 60-day suspension. In reviewing both the relevant statutory history and the Dutcher holding, the court simply concluded that
We find that the action of the Civil Service Commission in modifying the penalty of dismissal was a reasonable exercise of its statutory authority, supported in the record. The borough has not discharged its burden of establishing that this action, presumptively reasonable, was not a valid exercise of the authority legislatively conferred upon the Commission. [at 69]
And finally, in Plainfield v. Simpson, 50 N.J. Super. 250 (App. Div. 1958), this court reversed a Civil Service Commission's reduction of a locally imposed penalty, but on the basis that the determination of the Civil Service Commission was not reasonably supported by the evidence before it.
The first case after the decision in West New York v. Bock, supra, dealing with the issue of Civil Service Commission penalty reductions is apparently Moorestown Tp. v. Armstrong, 89 N.J. Super. 560 (App. Div. 1965), certif. den. 47 N.J. 80 (1966), also involving a review of a Civil Service Commission reduction of a removal penalty imposed by a municipality on a police officer. There, too, the ameliorative determination of the Civil Service Commission was reversed on the same basis on which the Plainfield reversal was predicated, i.e., the court's conclusion that the reduced penalty indeed was arbitrary, capricious and unreasonable and lacked fair support in the evidence.
*427 The first discernible deviation from the holding of West New York v. Bock, supra, apparently occurred in Newark v. Massey, 93 N.J. Super. 317 (App. Div. 1967), again a municipal appeal from a Commission reduction of a removal penalty imposed upon a police officer. The court there reversed the Commission determination but, inexplicably, did so not in reliance on the substantial evidence rule in accordance with the mandate of West New York v. Bock, but rather by disinterring the rule of Newark v. Civil Service Comm'n, supra, whose demise had been so unequivocally declared in the West New York case. Thus, the court in Newark v. Massey, citing only the 1935 case, held that Civil Service should not disturb the penalty imposed by the appointing authority "unless the discipline visited upon the convicted offender is so `utterly disproportionate to the offense' as to amount to a clear abuse of discretion." 93 N.J. Super. at 324-325. Even more inexplicably, subsequent cases continued this resurrective process. Illustratively, in Rivell v. Civil Service Comm'n, 115 N.J. Super. 64, 72 (App. Div. 1971), certif. den. 59 N.J. 269 (1971), this court, relying exclusively on Newark v. Massey, supra, and Newark v. Civil Service Comm'n, supra, held that "In its review of the disciplinary matter the Commission should uphold the action of the Police Director as long as the discipline was not so severe as to amount to a clear abuse of discretion." Indeed, the "utterly disproportionate" rule has become so firmly entrenched in our jurisprudence since the decision in Newark v. Massey, supra, that in the case now before us the record shows that after its initial receipt of the hearing examiner's report, the Civil Service Commission remanded the matter to him for review of the penalty "in line with the applicable court decisions." The applicable court decisions to which it referred were Rivell v. Civil Service Comm'n, supra; Newark v. Civil Service Comm'n, supra, and an unreported decision of this court dated December 1977 which, in exclusive reliance on Rivell, held that:

*428 The established rule is to the effect that, in disciplinary proceedings involving law enforcement officers the penalty imposed by a local authority on a finding of misconduct must be upheld by the Commission on an appeal, unless after consideration the Commission finds that the penalty so imposed was so disproportionate to the offense as to constitute a clear abuse of discretion by the local authority.
That was in fact precisely the standard applied here by the hearing officer whose recommendation it was that the removal had constituted such a clear abuse of discretion.
Our research of the case law following West New York v. Bock, supra, does not suggest to us any rational basis or legal justification for the consequent subversion of its mandate. We accordingly redeclare that that mandate, and not Newark v. Massey, supra, and its progeny, is the law. We recognize that those cases which have chosen to follow the "former rule" of Newark v. Civil Service Comm'n, supra, have evinced a solicitude, with which we are in full concurrence, for the special needs of local law enforcement departments in insisting on a high standard of conduct and performance from their members. We believe, however, that those legitimate interests are required to be and can be adequately accommodated, as they were in Moorestown Tp. and Plainfield, supra, within the statutory framework of the Commission's de novo penalty review and our application to Commission determinations of the substantial evidence rule.
We are satisfied, applying that rule here, that the action of the Commission in reducing the penalty imposed upon respondent Torres must be affirmed. While we appreciate the concern of the appointing authority for maintaining order in a potentially explosive situation in which inmates are permitted to congregate, nevertheless the momentary dereliction of duty here involved gave no hint of the insubordination or dangerous personal instability or both which motivated the local removal of law enforcement officers in the cases above cited. The Commission was, moreover, warranted in according considerable weight to what it found *429 to be the mitigating factors here. See, e.g., Feldman v. Irvington Fire Dep't, 162 N.J. Super. 177 (App. Div. 1978). The hearing officer's report, accepted by the Commission, noted that Torres' prior record of service was unblemished and that he had always received satisfactory performance ratings and all scheduled salary increases. It also properly considered that the oppressive physical conditions of inordinate heat and humidity in the mess hall "cage" to which Torres had been assigned was a contributing cause of the dereliction. Thus we find substantial support in this record for the Commission's concurrence in the hearing officer's conclusion that
The record as presented does not reflect that appellant other than the involvement with this incident is incapable or unable to perform his functions properly. Based on the above, and considering the various mitigating factors including the physical conditions of the mess hall cage area, it is felt that the action of the appointing authority in removing appellant is unwarranted on the facts and too severe.
Affirmed.