OTIS HENRY, APPELLANT, v. RAHWAY STATE
PRISON, RESPONDENT.

NEW JERSEY DEPARTMENT OF CORRECTIONS, APPELLANT,
v. JESUS TORRES, RESPONDENT.

Argued September 24, 1979—Decided January 24, 1980.

Mr. Emery Z. Toth argued the cause for appellant Otis Henry (Mr. Dennis J. Conklin, of counsel and on the brief).

Ms. Janice S. Mironov, Deputy Attorney General, argued the cause for appellant New Jersey Department of Corrections and respondent Rahway State Prison (Mr. John J. Degnan, Attorney

General of New Jersey, attorney; *Ms. Erminie L. Conley*, Assistant Attorney General, of counsel; *Mr. Joseph W. Ferraro, Jr.*, Deputy Attorney General, on the brief in A–45).

*Mr. Gerald B. Schenkman* argued the cause for respondent Jesus Torres (*Ms. Jane B. Terpstra*, Director, Legal Aid Society of Mercer County, attorney; *Mr. Richard Dana Krebs*, of counsel and on the brief).

The opinion of the court was delivered by

POLLOCK, J.

The primary issue on these appeals involves the standard of review to be applied by the Civil Service Commission in appeals *de novo* from decisions of state or local appointing authorities in disciplinary proceedings against employees.

Jesus Torres and Otis Henry are two employees who were dismissed by the New Jersey Department of Corrections in separate disciplinary proceedings. They assert that, on an appeal *de novo*, the Commission may conduct a hearing, make independent findings and substitute its judgment for that of the appointing authority.

The Department argues that review of its decisions by the Commission should be restricted to determining whether the Department committed a clear abuse of discretion. The argument is based on the premise that, whatever standard of review might apply to disciplinary proceedings of other agencies, there should be a separate standard of review of employee disciplinary proceedings conducted by law enforcement agencies.

In *Henry v. Rahway State Prison*, an unreported decision, one part of the Appellate Division accepted the abuse of discretion standard and reversed the Commission's decision that had reduced the penalty from removal to a 90-day suspension. In *New Jersey Department of Corrections v. Torres*, 164 *N.J.Super.* 421 (1978), another part of the Appellate Division adopted the substituted judgment test and affirmed the Commission's decision that reduced the penalty from removal to a 60-day suspension.

We granted certification in *Henry*, 81 *N.J.* 56 (1979), and *Torres*, 81 *N.J.* 64 (1979), to determine which standard of review is to be applied by the Commission in appeals *de novo* from decisions of the Department or other law enforcement agencies in employee disciplinary proceedings. We consider these appeals together because they present divergent holdings on the same issue of law.

The proceedings against Corrections Officer Torres stemmed from a charge that on August 16, 1977, he fell asleep while on guard duty in an elevated enclosed "cage" overlooking the mess hall at Trenton State Prison. The cage is hot and humid in the summer, and the temperature was estimated to be 100 degrees on the day in question. During his five years of employment, Torres had never been disciplined. Nonetheless, the Department found that he was guilty of neglect of duty and ordered his removal. The Commission reduced the penalty to a 60-day suspension.

Senior Corrections Officer Henry was charged with submitting a falsified report of his discovery of marijuana. In his report, Henry stated that he found the marijuana in the weight-lifting shack at Rahway State Prison and that he did not know to whom it belonged. In fact, he had found the marijuana on an inmate's bed in the dormitory. The charges against him recited that he had deliberately falsified his report by misstating the place and manner of his discovery and by omitting the name of the inmate. The Department ordered his removal after finding him guilty of neglect of duty and conduct unbecoming a public employee.

The Commission adopted the findings of fact of the hearing examiner and concluded that Henry had acted in good faith. It found that he was not attempting to protect the inmate, but was conducting his own investigation of a scheme to sell marijuana. The Commission found further that Henry had no improper motives and was guilty only of exercising poor judgment. On that basis, the Commission reduced the penalty to a 90-day suspension.

We begin by recognizing that the declaration of the Commission's standard of review is a legislative matter. With reference to review of decisions of state appointing authorities, the Legislature has provided, in part:

> The Commission may, when in its judgment the facts warrant it, modify or amend the penalty imposed by the appointing authority or substitute another penalty for that imposed, except that removal from the service shall not be substituted for a lesser penalty. [*N.J.S.A.* 11:15–6]

The Legislature has granted to the Commission the same power to review decisions of local appointing authorities. *N.J.S.A.* 11:2A–1.

In analyzing the Department's contention that there is a separate standard of review for law enforcement agencies, we must refer to the evolution of the civil service law. When the law was first enacted in 1908, it did not provide for a hearing or appeal as of right in an employee disciplinary proceeding. *L.* 1908, *c.* 156, § 24. The only review was by writ of *certiorari* from the Supreme Court to the appointing authority. *See Edwards v. Petry*, 90 *N.J.L.* 670, 101 *A.* 195 (E. & A. 1917). In 1915, the statute was amended to permit a single Supreme Court justice to review dismissals, but not to modify penalties. *L.* 1915, *c.* 120.

In 1917, the statute created an appeal *de novo* to the Commission, which was empowered to disapprove the penalty imposed by the appointing authority. *L.* 1917, *c.* 236, § 24. The statute was silent on the power of the Commission to modify the penalty. However, the statute was interpreted to mean that where the appointing authority had committed an abuse of discretion the Commission could modify the penalty although it upheld the finding of guilt. *City of Newark v. Civil Service Comm'n*, 115 *N.J.L.* 26 (Sup.Ct.1935); *see Town of West New York v. Bock*, 38 *N.J.* 500, 517 (1962).

The Legislature amended the statute in 1930 to allow the Commission to substitute its judgment as to the penalty for that

of state appointing authorities. *N.J.S.A.* 11:15–6. The Legislature extended the substituted judgment rule to county and municipal employees as to suspensions, fines, and demotions in 1938 and as to discharges in 1946. *N.J.S.A.* 11:2A–1; *see Bock, supra,* 38 *N.J.* at 517–518. By 1946, the civil service law provided that the Commission could redetermine guilt or modify a penalty in an appeal *de novo* from the decision of a state or local appointing authority.

*Bock* involved the dismissal of a municipal fireman. The municipality argued that the Commission could not modify the disciplinary action without finding that the municipality had committed a clear abuse of discretion. 38 *N.J.* at 514. The Court declared that the Commission was empowered

> to redetermine the penalty just as it must redetermine guilt and that this is so even where the only issue may be the propriety of the penalty imposed below. The former rule of the overriding effect of punishment fixed by the appointing authority, absent a clear abuse of discretion no longer lives  .  .  .. [38 *N.J.* at 519]

*Bock* ruled that the Commission could conduct a *de novo* review of a disciplinary action taken by an appointing authority, make its own findings, and substitute its judgment as to guilt or innocence or as to the penalty imposed for that of the appointing authority.

Several cases before *Bock* recognized that the relevant statutes allowed the Commission to substitute its judgment for that of the appointing authority. *See Borough of East Paterson v. Department of Civil Service,* 47 *N.J.Super.* 55 (App.Div.1957) (substitution of 60-day suspension for dismissal of municipal policeman upheld); *Dutcher v. Department of Civil Service,* 7 *N.J.Super.* 156 (App.Div.1950) (substitution of three-month suspension for dismissal of surrogate's clerk upheld). *See also Kennedy v. City of Newark,* 29 *N.J.* 178 (1959) (general discussion in dicta of Commission's power to modify a penalty in disciplinary actions); *Rushin v. Board of Child Welfare,* 65 *N.J.Super.* 504 (App.Div.1961) (Commission's affirmance of dis-

missal of Board of Child Welfare employee remanded for redetermination of penalty); *City of Plainfield v. Simpson*, 50 *N.J. Super.* 250 (App.Div.1958) (modification of dismissal to five-months suspension reversed as unreasonable).

Another decision before *Bock* deserves particular attention. *City of Newark v. Civil Service Comm'n, supra*, was decided after the substituted judgment test was applied to state employees by *N.J.S.A.* 11:15–6 but before that test was extended to local employees by *N.J.S.A.* 11:2A–1. The statute then applicable to local employees authorized the Commission to disapprove, but not to modify, a penalty. *L.* 1917, *c.* 236, § 24. The Court held that the Commission was powerless to modify the action of a local appointing authority unless the local authority had abused its discretion. The Court stated that the failure of the Legislature to extend the substituted judgment rule to local authorities showed an intent to leave with them broad power to remove and discipline local employees. 115 *N.J.L.* at 31.

The substituted judgment test enunciated in *Bock* was subsequently applied in *Sabia v. City of Elizabeth*, 132 *N.J.Super.* 6 (App.Div.1975) (Commission increased suspension of municipal police officers from 30 days to six months). *See also Prosecutor's Detectives and Investigators Ass'n v. Hudson Cty. Bd. of Freeholders*, 130 *N.J.Super.* 30 (App.Div.1974), certif. den., 66 *N.J.* 330 (1974) (court acknowledged power of Commission to order back pay upon reinstatement); *Township of Moorestown v. Armstrong*, 89 *N.J.Super.* 560 (App.Div.1965), certif. den., 47 *N.J.* 80 (1966) (court reversed Commission's reduction of a removal of a municipal police officer to a six-month suspension).

Two reported Appellate Division decisions involving police officers have deviated from the *Bock* standard. The Department contends that those cases support a different standard of review for law enforcement agencies. The first is *City of Newark v. Massey*, 93 *N.J.Super.* 317 (1967), in which the Appellate Division reversed the Commission's reduction of the

penalty imposed on a police officer from removal to a six-month suspension. The court ignored *Bock* and declared that the Commission should not disturb the penalty imposed by the appointing authority "unless the discipline . . . is so 'utterly disproportionate to the offense' as to amount to a clear abuse of discretion." *Id.* at 324–325. The court resurrected the abuse of discretion test which had not been applied to Commission review since *City of Newark v. Civil Service Comm'n, supra.*

Likewise, in *Rivell v. Civil Service Comm'n,* 115 *N.J.Super.* 64 (1971), certif. den., 59 *N.J.* 268 (1971), the Appellate Division applied the outdated abuse of discretion test in upholding the Commission's affirmance of the removal of a police officer. *See also Cumberland Cty. Welfare Bd. v. Jordan,* 81 *N.J.Super.* 406 (App.Div.1963) (holding the failure of a county welfare board to grant a leave of absence to a bookkeeper was an abuse of discretion).

The deficiency in *Massey* and *Rivell* is that there is no support in the civil service laws for a conclusion that the Commission should affirm the penalty imposed by an appointing authority absent an abuse of discretion. There is no statutory authority for a law enforcement exception to the normal standard of Commission review. Without a legislative foundation, the judiciary cannot construct an exception for law enforcement agencies.

The Department contends that for policy reasons the standard of review for disciplinary actions involving law enforcement personnel should be more restrictive than for other civil service employees. Its underlying concern is that a law enforcement officer who fails to discharge his duties may imperil others. The Department argues that strict discipline of corrections officers is necessary for the safety and security of other corrections officers and the inmates. Its fear is that the Commission will be too lenient in reviewing the conduct of corrections officers. The Department concludes that discipline and security at the prisons will be eroded.

The Commission is authorized to conduct investigations and hearings on appeals *de novo. N.J.S.A.* 11:15–4. Its duty is to "seek diligently all the information and evidence bearing on the merits of the case." *N.J.S.A.* 11:15–5. For example, in disciplinary proceedings involving employees of the Department of Corrections, the Commission may receive testimony and other evidence pertaining to safety, security, and discipline in the prisons. It may consider evidence concerning the importance of the position of the employee in maintaining safety and discipline. Evidence may be adduced on the effect on the institution, the inmates, and other corrections officers of a breach of duty by an employee. All these factors are relevant considerations for the Commission to evaluate before making its final decision.

Maintaining discipline within law enforcement agencies is important for the safety and security of the public. However, it is for the Legislature, not the judiciary, to decide whether the civil service law should provide that the Commission must sustain disciplinary actions of law enforcement or other agencies absent an abuse of discretion.

In its last session, the Legislature considered *Assembly Bill* 1675 (1978). The bill provided in section 11A:2–10 that, on review of an adverse action against law enforcement personnel, the penalty would not be reversed or modified absent a clear abuse of discretion. However, the legislative session ended without the passage of *Assembly Bill* 1675.

■ Unless the Legislature acts, the Commission and law enforcement agencies must follow the standards set forth in *N.J.S.A.* 11:15–6 and 11:2A–1, which provide for an appeal *de novo* to the Commission unrestricted by the abuse of discretion test. We reject the rule of review applied by the Appellate Division in *Massey* and *Rivell.*

■ Courts have a limited role in reviewing a decision of an administrative agency. Ordinarily, an appellate court will reverse the decision of the administrative agency only if it is

arbitrary, capricious or unreasonable or it is not supported by substantial credible evidence in the record as a whole. *Campbell v. Department of Civil Service*, 39 *N.J.* 556, 562 (1963).

If a reviewing court concludes that a decision of the Commission is arbitrary, the court may either finally determine the matter by fixing the appropriate penalty or remand it to the Commission for redetermination. *Town of West New York v. Bock, supra*, 38 *N.J.* at 520, 527–528; *Township of Moorestown v. Armstrong, supra.*

Applying those standards, we affirm the judgment of the Appellate Division in *Torres.* Officer Torres had no prior disciplinary record. All parties acknowledged that conditions in the cage on the day in question were intolerable. The Commission properly considered such mitigating factors and concluded that dismissal was an excessive punishment. The imposition of a 60-day suspension is not arbitrary, capricious or unreasonable and is supported by substantial credible evidence in the record as a whole.

Although we do not disturb the findings of fact by the Commission in *Henry*, we conclude that the Commission did not consider adequately the seriousness of the charges. *See Township of Moorestown v. Armstrong, supra.* In evaluating the falsification of the report by Henry, the Commission found that he was motivated solely by a desire to continue his own investigation of marijuana trafficking at Rahway State Prison. Assuming that assessment is correct, the fact remains that Henry was not authorized to conduct an independent investigation. His duty was to confiscate the marijuana and submit a truthful report. The falsification of a report can disrupt and destroy order and discipline in a prison. Even if motivated by good intentions, Henry subverted the discipline at Rahway State Prison by the deliberate falsification of his report. Consequently, the Commission was arbitrary, capricious and unreasonable in reducing the penalty imposed on Henry from removal to a 90-day suspension.

The judgment of the Appellate Division in *New Jersey Department of Corrections v. Torres* is affirmed. The judgment in *Henry v. Rahway State Prison* is modified and the cause is remanded to the Civil Service Commission for redetermination of the penalty to be imposed on Officer Henry.

*For affirmance in Torres and modification in Henry*—Chief Justice WILENTZ and Justices SULLIVAN, PASHMAN, CLIFFORD, SCHREIBER, HANDLER and POLLOCK—7.

*Opposed* — None.