**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-2716-18

JOSEPH KELLY,

     Appellant,

v.

NEW JERSEY DEPARTMENT
OF CORRECTIONS,

     Respondent.

_____

Submitted March 11, 2020 – Decided February 11, 2021

Before Judges Fuentes and Haas

On appeal from the New Jersey Department of Corrections.

Joseph Kelly, appellant pro se.

Gurbir S. Grewal, Attorney General, attorney for respondent (Sookie Bae, Assistant Attorney General, of counsel; Travis Michael Anderson, Deputy Attorney General, on the brief).

The opinion of the court was delivered by

FUENTES, P.J.A.D.

Appellant Joseph Kelly is an inmate at South Woods State Prison serving a five-year term for possession of an unspecified dangerous substance. In this inmate disciplinary infraction case, appellant was charged and found guilty of committing disciplinary infraction *.203, possession of a synthetic cannabinoid. He argues he was denied effective assistance of counsel substitute. A counsel substitute is not a lawyer.[1] There are no standards to assess the effectiveness of a counsel substitute. Appellant has not cited to any legal authority which permits an inmate facing disciplinary sanctions in a penal institution's disciplinary proceeding to argue he or she is entitled to challenge the fairness of the proceedings based on the performance of a counsel substitute.

The record shows there was sufficient evidence to support the hearing officer's determination. A corrections officer saw appellant and another inmate sitting on the bottom bunk of their cell and in possession of a leafy substance. The corrections officer immediately sought the assistance of another corrections officer and they seized a plastic baggie containing this contraband, which substance tested positive for K2, a synthetic cannabinoid.

---

[1] N.J.A.C. 10A:1-2.2 defines counsel substitute as "an individual, such as an inmate paralegal, teacher or social worker, who represents and defends an inmate at a disciplinary hearing proceeding that is conducted within a correctional facility under the jurisdiction of the Department of Corrections."

This court's authority to review a decision of a State administrative agency is limited.  In re Taylor, 158 N.J. 644, 656 (1999).  We will not disturb an agency's adjudicatory decision unless there is evidence that the decision is "arbitrary, capricious or unreasonable," or is unsupported "by substantial credible evidence in the record as a whole."  Henry v. Rahway State Prison, 81 N.J. 571, 579-80 (1980).  Here, the record reflects that the Department of Corrections presented substantial credible evidence to support the hearing officer's finding that appellant committed disciplinary infraction *.203.  Figueroa v. N.J. Dep't of Corr., 414 N.J. Super. 186, 192 (App. Div. 2010); see also N.J.A.C. 10A:4-9.15(a).

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

A-2716-18