670 A.2d 546

INNKEEPER, INC. T/A MASON JAR, PETITIONER–RESPONDENT, v. REMINGTON, INC., RESPONDENT–APPELLANT, AND TOWNSHIP COUNCIL OF THE TOWNSHIP OF MAHWAH, RESPONDENT.

Superior Court of New Jersey
Appellate Division

Argued May 15, 1995—Decided June 6, 1995.

Before VILLANEUVA, BRAITHWAITE and BILDER.

*Edward S. Nathan* argued the cause for appellant Remington, Inc. (*McCarter & English*, attorneys; *McDonnell & Whitaker*, co-attorneys; *Theodore D. Moskowitz* and *Bruce M. Whitaker*, of counsel; *Mr. Nathan* and *Michael D. Siegel*, on the brief).

*Frank J. Passarella* argued the cause for respondent Innkeeper, Inc. (*Mr. Passarella*, attorney; *Kearns, Vassallo, Guest & Kearns*, co-attorneys; *Mr. Passarella* and *John F. Vassallo, Jr.*, on the brief).

*David N. Bregenzer, Jr.*, Deputy Attorney General, argued the cause for the Division of Alcoholic Beverage Control (*Deborah T. Poritz*, Attorney General, attorney; *Mr. Bregenzer*, on the statement in lieu of brief).

The opinion of the court was delivered by

BILDER, J.A.D. (retired and temporarily assigned on recall).

This appeal involves a Mahwah liquor license which became inactive when the licensee was evicted from the licensed premises. At issue is the status of the inactive license and, more importantly,

whether a transferee must apply for a place-to-place transfer in order to have the license re-sited in its original location. Such a requirement might make the application of the present holder of the plenary retail consumption license, proposed transferee Remington, Inc., subject to a provision in the local municipal ordinance prohibiting a license transfer to a location within 1000 feet of another licensed premises. Objector, Innkeeper, Inc. t/a Mason Jar, operates a licensed establishment about 600 feet from Remington's proposed location. Remington appeals from the final ruling of the Division of Alcoholic Beverage Control finding that the proposed use of its license at the old location requires a place-to-place transfer.

The facts are fully set forth in the Final Decision as well as the Initial Decision of the Administrative Law Judge. Except in their salient details, they need not be repeated.

The former licensee, Crossroads Caterers, Inc., conducted its business as a tenant in a building which became the subject of a foreclosure suit. In September 1991 a court appointed rent receiver evicted Crossroads for non-payment of rent. In April 1992 a notice of corporate structure change was filed with the Division showing that 97.5 per cent of the shares in Crossroads had been transferred to the foreclosing mortgagee, Citizens First National Bank. Thereafter, the new owners of Crossroads re-sumed operations in an effort to reactivate the license and sought to transfer it to Remington. In July 1992 Crossroads successfully sought a person-to-person transfer from the Township, which allowed Remington to conduct a retail consumption business at the same location formerly used by Crossroads. Innkeeper, the licensee with an establishment within 1000 feet, appealed.

In an Initial Decision, the Administrative Law Judge affirmed the action of the Township, rejecting Innkeeper's contention that the eviction separated the license from its location and made it a

"pocket license"[1] which could not be re-sited without a place-to-place transfer. On appeal, in his Final Decision, the Acting Director rejected that decision and reversed the Township's action. In so doing however, he delayed the effective date of his decision for 90 days to provide the Township with an opportunity to consider an application for a place-to-place transfer, if submitted by Remington. Apparently such an application was made, was approved and is now the subject of a separate appeal before the Division.

On appeal before us, Remington contends that the Acting Director erred in finding, as a matter of law, that a place-to-place transfer was required; that Mahwah's determination that only a person-to-person transfer was required was not an abuse of discretion and is entitled to extreme deference; and that if a new rule is to be enunciated linking plenary retail consumption licenses with some possessory interest in the licensed premises, it must be adopted in a manner which complies with the Administrative Procedure Act. *N.J.S.A.* 52:14B–1 to 15.

Our role in reviewing the action of the Division is limited. Our function is to determine whether the administrative action was arbitrary, capricious or unreasonable. *See Henry v. Rahway State Prison,* 81 *N.J.* 571, 580, 410 *A.*2d 686 (1980). We will only decide whether the findings could reasonably have been reached on the credible evidence in the record, considering the proofs as a whole. *See Close v. Kordulak Bros.,* 44 *N.J.* 589, 599, 210 *A.*2d 753 (1965). We cannot substitute our judgment for that of the agency. *See In re Polk License Revocation,* 90 *N.J.* 550, 578, 449 *A.*2d 7 (1982). We accord to the agency's exercise of its statutorily-delegated responsibilities a strong presumption of reasonableness. *See Newark v. Natural Resource Coun. Dept. Env. Prot.,* 82 *N.J.* 530, 539, 414 *A.*2d 1304 (1980), *cert.* denied, 449 *U.S.* 983,

---

[1] The term does not appear in any statute or regulation. It undoubtedly gets its name from the notion that the un-sited license sits in the owner's pocket until a site is found for it.

101 *S.Ct.* 400, 66 *L.Ed.*2d 245 (1980). However we are not bound by an agency's interpretation of a statute nor its determination of a strictly legal issue. *See Mayflower Securities v. Bureau of Securities,* 64 *N.J.* 85, 93, 312 *A.*2d 497 (1973).

We are satisfied that the Final Decision of the Division correctly analyzed the law and the policies which require a recognition of the relationship of a plenary retail consumption license and the premises in which that license is used. Moreover, the Acting Director's interpretation of the law bears the imprint of his experience and expertise. *See Metromedia, Inc. v. Director, Div. of Taxation,* 97 *N.J.* 313, 327, 478 *A.*2d 742 (1984). Remington's contention that Mahwah's determination of this legal question should be given special deference is meritless.

Remington contends that the determination made by the Acting Director in this case violates the Administrative Procedure Act. More particularly, it contends that the linking of possessory interests in licensed premises with the licenses creates a new rule of general application which must be adopted in accordance with the rule-making procedures of the Act. *See Metromedia, Inc. v. Director, Div. of Taxation, supra* at 328–332, 478 *A.*2d 742. We are satisfied that the Final Decision violates neither the Act nor its spirit. We find nothing new or novel in the Acting Director's linkage of the license and the premises. The relationship inheres in most of the statutes and regulations governing the control of retail consumption licenses. The relationship is obviously inferable from the relevant statutes. *Id.* at 329, 478 *A.*2d 742.

Affirmed substantially for the reasons given by the Acting Director in his Final Decision of January 13, 1994.