**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court."
Although it is posted on the internet, this opinion is binding only on the
parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-4653-15T3

CARLOS OLAVARRIA,

    Appellant,

v.

NEW JERSEY DEPARTMENT OF
CORRECTIONS,

    Respondent.

_____

Submitted November 15, 2017 — Decided July 9, 2018

Before Judges Fuentes and Koblitz.

On appeal from the New Jersey Department of
Corrections.

Carlos Olavarria, appellant pro se.

Christopher S. Porrino, Attorney General,
attorney for respondent (Lisa A. Puglisi,
Assistant Attorney General, of counsel;
Gregory R. Bueno, Deputy Attorney General, on
the brief).

PER CURIAM

At all times relevant to this appeal, Carlos Olavarria was

an inmate at Northern State Prison in Newark, serving a six-year

term of imprisonment, with sixty-one months of parole ineligibility, for second degree kidnapping, N.J.S.A. 2C:13-1(b)(2) and N.J.S.A. 2C:13-1(c)(1). Olavarria appealed from the final decision of the Department of Corrections (DOC) dated May 25, 2016, that found him guilty of committing a disciplinary infraction in the form of prohibited act *.009, "misuse, possession, distribution, sale, or intent to distribute or sell, an electronic communication device, equipment, or peripheral that is capable of transmitting, receiving, or storing data and/or electronically transmitting a message, image, or data that is not authorized for use or retention . . . ." N.J.A.C. 10A:4-4.1(a)(1)(v).

As a sanction, the hearing officer recommended that appellant be placed in administrative segregation for 181 days, lose 181 days of commutation time, permanently lose contact visits, and lose thirty days of recreation privileges. The DOC accepted the hearing officer's recommendations and imposed these sanctions.

Appellant argues the regulation that defines prohibited act *.009 was adopted before the DOC entered into a contract with JPAY Inc., a company that sells to inmates an electronic device called "JP5." According to appellant, the JP5 device allows inmates to purchase and download music and electronic games, and compose and leave e-messages to friends and family members. The DOC authorizes

2

the recipients to access and retrieve these messages by logging onto JPay's website. The DOC does not dispute appellant's account of the JP5 device's use and capabilities.

The JP5 device sold to inmates is designed to be powered by four AA batteries. According to appellant, the batteries are sold exclusively by the DOC and last a maximum of ten to twelve hours. The DOC found appellant misused the device within the meaning of *.009, because he altered the JP5's power source. Appellant used the wires of his television's headphones to power the JP5 through the television, thus obviating the need to use AA batteries as the exclusive power source.

Appellant presented a written statement to the hearing officer in which he stated:

> There is no evidence to support this charge as written and therefore it should be dismissed.
>
> Moreover, for argument sake, even if the tablet was attached to the TV, which the video[1] proved it was not, it does not warrant a *.009 charge as the tablet does not meet the definition of a communication device. Furthermore, it would be misuse of the

---

[1] In his statement to the hearing officer, appellant refers to a video recording made by the DOC on May 12, 2016 that shows Correction Officer Saunders stepping out of appellant's cell carrying the television set on his left hand "and his right hand was empty." According to appellant, the video recording corroborates his account that the tablet was not connected to the television. This alleged video recording is not part of the appellate record.

A-4653-15T3

> [t]elevision, not the tablet where there is
> no evidence to support it was hooked up to the
> TV.

Under these circumstances, appellant argues the most he could have been charged with was disciplinary infraction .453, "using any equipment or machinery contrary to instructions or posted safety standards[.]" See N.J.A.C. 10A:4-4.1(a)(5)(xi).

The DOC emphasizes that its decision to approve the use of the JP5 device for inmate use included requiring inmates to power the tablets only with batteries. Because inmates are not authorized to modify the way the device is charged or powered, the DOC argues that "charging the tablet in any other manner is tantamount to misuse of the device."

As an intermediate appellate court, we are bound not to disturb an agency's ultimate determination unless the decision is "'arbitrary, capricious, or unreasonable, [] or not supported by substantial credible evidence in the record as a whole.'" In re Stallworth, 208 N.J. 182, 194 (2011) (alteration in original) (quoting Henry v. Rahway State Prison, 81 N.J. 571, 579-80 (1980)). Furthermore, "'when reviewing agency decisions, we defer to matters that lie within the special competence of an administrative tribunal.'" Mejia v. N.J. Dep't of Corr., 446 N.J. Super. 369, 376 (App. Div. 2016) (quoting Balagun v. N.J. Dep't of Corr., 361 N.J. Super. 199, 202 (App. Div. 2003)).

N.J.A.C. 10A:1-2.2 defines "electronic communication device" to include "equipment and/or peripherals that can be used with an electronic communications device such as power cords, chargers, or any other tangible items." Altering the television's headphones' cord to enable it to charge the JP5 and thereby dispense with the use of batteries as its exclusive power source can be viewed as misuse of the JP5 device within the meaning of *009. N.J.A.C. 10A:4-4.1(a)(1)(v). Stated differently, the security of a penal institution can be compromised if electronic devices are altered in any manner that is not officially authorized. Under these circumstances, strict enforcement of such a policy is not arbitrary, capricious, or unreasonable.

We cannot conclude our analysis without acknowledging the following issue. Although not directly raised by appellant, we are compelled to note the regulatory incongruity created by the draconian sanction of "permanent loss of contact visits" imposed on appellant. Pursuant to N.J.A.C. 10A:1-2.2, the DOC adopted a "Zero Tolerance for Misuse or Possession of an Electronic Communication Device Policy." The policy codified therein:

> establishes that inmates who are found guilty of an electronic communication device related prohibited act as set forth in N.J.A.C. 10A:4-4.1, 5.1, and 12 <u>shall have their contact visit privileges terminated and shall be ineligible for consideration for any custody status lower than medium custody until after</u>

> the contact visit privileges are reinstated
> in addition to being subject to administrative
> action and program requirements in accordance
> with N.J.A.C. 10A:4, Inmate Discipline.
>
> [N.J.A.C. 10A:1-2.2 (emphasis added).]

N.J.A.C. 10A:18-6.20(a) further provides:

> An inmate may request the reinstatement of
> contact visit privileges that were terminated
> in accordance with N.J.A.C. 10A:4-5.1 and 12.
> After 365 days from the date the sanction was
> imposed, the inmate may forward a written
> request for reinstatement of contact visit
> privileges to the Administrator or designee.
> If a request is not produced by the inmate,
> no consideration of reinstatement shall be
> extended. The Administrator or designee shall
> review and approve or disapprove the
> reinstatement of contact visit privileges. The
> inmate may appeal the decision of the
> Administrator or designee to the Assistant
> Commissioner or designee, Division of
> Operations.
>
> [(Emphasis added).]

The mechanism for reinstatement of personal contact visits established in N.J.A.C. 10A:18-6.20(a) appears to be facially irreconcilable with the imposition of permanent loss of contact visits imposed here. However, we have decided not to address this issue because the official DOC website reflects that appellant was released on May 10, 2018.

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION