**NOT FOR PUBLICATION WITHOUT THE**
**APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-3934-16T1

ANTHONY MARQUES,

     Petitioner-Appellant,

v.

BOARD OF TRUSTEES,
POLICE AND FIREMEN'S
RETIREMENT SYSTEM,

     Respondent-Respondent.

_____

Submitted October 31, 2018 – Decided December 13, 2018

Before Judges Alvarez and Reisner.

On appeal from the Board of Trustees of the Police and Firemen's Retirement System, Department of Treasury, PFRS No. 3-76614.

Caruso Smith Picini, PC, attorneys for appellant (Timothy R. Smith, of counsel; Steven J. Kaflowitz, on the brief).

Gurbir S. Grewal, Attorney General, attorney for respondent (Melissa Dutton Schaffer, Assistant Attorney General, of counsel; Jeff S. Ignatowitz, Deputy Attorney General, on the brief).

PER CURIAM

On April 11, 2017, the Board of Trustees of the Police and Firemen's Retirement System (Board) issued a final decision that Anthony Marques, a former police officer, was ineligible to apply for accidental disability retirement benefits. He appeals, and we affirm.

On January 21, 2015, the Township terminated Marques's employment because he tested positive for cannabinoids (THC) during a "reasonable suspicion" drug test. He did not contest the charges. Prior to his termination, but after receipt of a Preliminary Notice of Disciplinary Action that suspended his employment without pay, however, Marques filed an application for accidental retirement disability benefits, requesting a retirement date of January 1, 2015. He claimed in the application that he suffered from post-traumatic stress disorder arising from three incidents occurring between 1998 and 2007.

The Department of Treasury, Division of Pension and Benefits referred the application to the Board. The Board imposed a partial forfeiture of service and salary credit dating back to October 1, 2013, and rejected Marques's application. The matter was referred to the Office of Administrative Law (OAL) for a hearing as a contested case under the Administrative Procedure Act, N.J.S.A. 52:14B-1 to -15, and the Uniform Administrative Procedure Rules,

N.J.A.C. 1:1-1.1 to -21.6. Administrative Law Judge (ALJ) Sarah G. Crowley's initial decision rejected the application based on the Board's decision in Semenza v. Board of Trustees, Police & Firemen's Retirement System, PFRS No. 3-92325, Final decision, (Nov. 16, 2016). The Board agreed with the analysis.

As the ALJ observed, the same precedents and statutes which mandated the outcome in Semenza applied to Marques's circumstances. The statutory scheme does not allow a member to apply for accidental disability benefits when he was fully employed until terminated. Additionally, because the member has been terminated, contrary to the language in the accidental disability statute, he can never return to his workplace even if he fully recovers from his disability.

Appellate review of a final agency decision is limited. In re Herrmann, 192 N.J. 19, 27 (2007). We do not reverse an agency's decision unless it is arbitrary, capricious, or unreasonable in that the agency did not follow the law, or in that the agency's decision is not supported by substantial credible evidence in the record. In re State & Sch. Empls' Health Benefits Comm'ns' Implementation of I/M/O Yucht, 233 N.J. 267, 279-80 (2018); Herrmann, 192 N.J. at 27-28; Henry v. Rahway State Prison, 81 N.J. 571, 579-80 (1980).

We review questions regarding statutory interpretation de novo. Maeker v. Ross, 219 N.J. 565, 574-75 (2014); Manalapan Realty, L.P. v. Twp. Comm. of Manalapan, 140 N.J. 366, 378 (1995). In interpreting a statute, we attempt to discern its intent from the language of the statute, considered as a whole. Dunbar Homes, Inc. v. Zoning Bd. of Adj. of Twp. of Franklin, 233 N.J. 546, 559 (2018); Klumb v. Bd. of Educ., 199 N.J. 14, 23-24 (2009).

We defer to the agency's interpretation of the statute it is charged with enforcing unless it is "plainly unreasonable," contrary to the statutory language, or "subversive of the Legislature's intent." N.J. Tpk. Auth. v. Am. Fed'n of State, Cty., & Mun. Emps., Council 73, 150 N.J. 331, 352 (1997). See also Klumb, 199 N.J. at 24 ("[I]nterpretations of the statute and cognate enactments by agencies empowered to enforce them are given substantial deference in the context of statutory interpretation.").

Applying this deferential standard of review to Marques's appeal, we find his arguments to be so lacking in merit as to not warrant discussion in a written opinion. R. 2:11-3(e)(1)(E). Had the Board adopted Marques's interpretation of the statute, it would be contrary, first, to the logical premise of N.J.S.A. 43:16A-7—that a member seeking accidental disability pension benefits must leave service due to the disability, not for another reason. The statute requires

the medical board, in deciding applications for accidental disability retirement allowances, to assess if "such member is mentally or physically incapacitated for the performance of his usual duty and of any other available duty in the department which his employer is willing to assign to him." N.J.S.A. 43:16A-7(1). That finding is irrelevant where the employee has been terminated for cause.

Marques's contentions also conflict with N.J.S.A. 43:16A-8, which states that the retired member "shall report for duty" if "able to perform either his former duty or any other available duty." See In re Adoption of N.J.A.C. 17:1-6.4, 17:1-7.5 & 17:1-7.10, 454 N.J. Super. 386, 400-01 (App. Div. 2018). Marques can never return to his employment because he was terminated for cause.

The interpretation of the statutory scheme the Board adopted was neither novel nor new. See In re Adoption of N.J.A.C. 17:1-6.4, 454 N.J. Super. at 394-95. The scheme created by the statutes appears to be designed to avoid the type of application, arguably an abuse of the system, being made here—that a member, terminated for cause, can nonetheless gain a financial benefit from that circumstance denied to those who continue working without incident. Marques

should not be eligible for a higher pension benefit than that which he earned to the day the Board credited him.

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

A-3934-16T1