**NOT FOR PUBLICATION WITHOUT THE**
**APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-1208-17T3

BRIAN MOORE,

     Appellant,

v.

NEW JERSEY DEPARTMENT
OF CORRECTIONS,

     Respondent.

_____

Submitted June 6, 2019 – Decided July 8, 2019

Before Judges Whipple and Firko.

On appeal from the New Jersey Department of Corrections.

Brian Moore, appellant pro se.

Gurbir S. Grewal, Attorney General, attorney for respondent (Melissa Dutton Schaffer, Assistant Attorney General, of counsel; Michael E. Vomacka, Deputy Attorney General, on the brief).

PER CURIAM

Brian Moore, an inmate at South Woods Prison, appeals from an August 3, 2017 final decision of the Department of Corrections (DOC). An Assistant Superintendent upheld a disciplinary officer's decision finding him guilty of committing prohibited acts *.002, assaulting any person, in violation of N.J.A.C. 10A:4-4.1(a)(1)(ii); and *.306, conduct which disrupts the orderly running of the corrections facility, in violation of N.J.A.C. 10A:4-4.1(a)(2)(xxix). For the reasons that follow, we affirm.

We discern the following facts and procedural history from the record. Moore was previously an inmate at East Jersey State Prison. Moore asserts that on July 11, 2017, during a mess movement, he and Senior Corrections Officer Colon got into an argument about when Moore could shower. According to Moore, Colon later instructed him to come out of his cell to shower, and when he did, Colon assaulted him from behind. Moore asserts Senior Corrections Officer Debari intervened and punched, handcuffed and pepper sprayed him. Moore was taken to the infirmary where he claims officers slammed his head into the wall several times. He was transported to a hospital where he received stiches.

A-1208-17T3

According to the DOC, Moore was the aggressor who tackled Colon to the ground and resisted Colon's attempts to restrain him. This prompted a "Code 33," which delayed the movement of inmates back to their wings.

Moore was charged with prohibited acts *.002 and *.306 and given a copy of the charges on July 13, 2017. Moore requested a video of the incident, witness statements and Colon's medical information. DOC determined there was no video of the incident but provided witness statements from inmates.

On July 27, 2017, a disciplinary hearing officer conducted a hearing. Moore received a counsel substitute and pled not guilty to the charges. The hearing officer considered reports from officers, defendant's medical evaluations and other inmates' statements. The other inmates' statements did not corroborate Moore's assertion that he was assaulted.

The hearing officer found Moore guilty of *.002 and *.306. For the *.002 charge, Moore was sentenced to 356 days of administrative segregation, 365 days loss of commutation time and thirty days loss of recreation privileges. For the *.306 charge, Moore was sentenced to 180 days administrative segregation, 180 days loss of commutation time and thirty days loss of recreation privileges. Moore appealed the decision to the Assistant Superintendent, who issued a disposition upholding the charges on August 3, 2017. This appeal followed.

Moore raises the following issues on appeal:

POINT I

THE [PETITIONER] WAS DENIED A FAIR HEARING FOR WANT OF DUE PROCESS. (Not Raised Below).

POINT II

THE WEIGHT OF THE EVIDENCE RUNS CONTRARY TO THE FINDINGS OF THE HEARING OFFICER.

Our review of final administrative agency decisions is limited. Malacow v. N.J. Dep't of Corr., 457 N.J. Super. 87, 93 (App. Div. 2018). An administrative agency's decision will not be reversed unless it is "arbitrary, capricious or unreasonable or it is not supported by substantial credible evidence in the record as a whole." Henry v. Rahway State Prison, 81 N.J. 571, 579-80 (1980). "'Substantial evidence' means 'such evidence as a reasonable mind might accept as adequate to support a conclusion.'" Figueroa v. N.J. Dep't of Corr., 414 N.J. Super. 186, 192 (App. Div. 2010) (quoting In re Pub. Serv. Elec. & Gas Co., 35 N.J. 358, 376 (1961)).

Moore contends the hearing officer's decision was against the weight of the evidence. However, a DOC report described Moore as the aggressor and included Debari's observation that he witnessed Moore wrestling with Colon.

Moore's evidence was limited to his own recollection of events. Statements from other inmates failed to corroborate Moore's version of the altercation. Additionally, Moore's confrontation with Colon triggered a delay in the movement of inmates back to their wings. Thus, the record contains substantial credible evidence to support the hearing officer's decision.

Moore also asserts he was denied due process. Although inmates are not entitled to the same due process protections as criminal defendants, they are guaranteed certain limited protections. See McDonald v. Pinchak, 139 N.J. 188, 194 (1995); Avant v. Clifford, 67 N.J. 496, 523 (1975). Here, Moore was given written notice of the charge at least twenty-four hours before the hearing, he was provided with counsel substitute, he was offered an opportunity to call and confront witnesses and he received a written statement of the evidence relied upon and the reasons for the discipline.

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

A-1208-17T3