**NOT FOR PUBLICATION WITHOUT THE**
**APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-1164-18T4

LARRY FLEMING,

    Appellant,

v.

NEW JERSEY DEPARTMENT
OF CORRECTIONS,

    Respondent.

_____

Submitted November 4, 2019 – Decided November 13, 2019

Before Judges Sabatino and Geiger.

On appeal from the New Jersey Department of Corrections.

Larry Fleming, appellant pro se.

Gurbir S. Grewal, Attorney General, attorney for respondent (Melissa H. Raksa, Assistant Attorney General, of counsel; Stephanie Renee Dugger, Deputy Attorney General, on the brief).

PER CURIAM

Larry Fleming, an inmate at Trenton State Prison, appeals a final agency decision of the Department of Corrections denying his claim to be paid $27.88 for the cost of a banned magazine the prison confiscated. We affirm.

The record shows the magazine was ordered and paid for by another individual, with instructions to deliver it to Fleming at the prison. In the meantime, the magazine was added to the prison's running list of banned publications. The prison intercepted the package and returned the magazine to the seller.

Fleming then filed a claim to be paid for the cost of the magazine pursuant to N.J.A.C. 10A:2-6.2(5). The prison committee that handles such property claims unanimously denied the claim. Two of the members noted on the handwritten form that Fleming failed to supply a receipt for the magazine. Fleming tried to tender one after the ruling, but it was denied as too late. The PayPal receipt does not show payment by Fleming but instead by another person.

The inmate property claim regulations, N.J.A.C. 10A:2-6.2, list as a pertinent factor in item 5 "whether sufficient information has been supplied by the inmate, including proper receipts, witnesses, and investigative reports." Here the receipt was tendered too late.

The Department has "broad discretionary powers" to promulgate regulations concerning activities inside correctional facilities. Jenkins v. Fauver, 108 N.J. 239, 252 (1987). On appeal, our courts generally will not disturb the Department's administrative decisions unless the inmate demonstrates that the decision is arbitrary, capricious or unreasonable, or that the record lacks substantial, credible evidence to support that decision. Henry v. Rahway State Prison, 81 N.J. 571, 579-80 (1980); Figueroa v. N.J. Dep't of Corr., 414 N.J. Super. 186, 190 (App. Div. 2010).

Applying our limited scope of review and the deference owed to the Department, we affirm its determination. The decision to reject appellant's property damage claim was not arbitrary, capricious, or unreasonable. It was not obligated to reconsider its decision based on the inmate's late submission. Moreover, the evidential value of the receipt is undermined by appellant's inmate trust account statement for the pertinent time frame, which reflects no payment out of his account in the sum of $27.88.

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

A-1164-18T4