**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-5738-17T4

NGOMBE AUSAR WAJAGGA,

    Appellant,

v.

NEW JERSEY DEPARTMENT
OF CORRECTIONS,

    Respondent.

_____

Submitted November 21, 2019 – Decided December 13, 2019

Before Judges Suter and DeAlmeida.

On appeal from the New Jersey Department of Corrections.

Ngombe Ausar Wajagga, appellant pro se.

Gurbir S. Grewal, Attorney General, attorney for respondent (Donna Sue Arons, Assistant Attorney General, of counsel; Christopher Josephson, Deputy Attorney General, on the brief).

PER CURIAM

Ngombe Wajagga (appellant) appeals the July 5, 2018 denial of his request for a reduction in custody status from gang minimum custody status to full minimum custody status. We affirm.

I.

Appellant was convicted of first-degree robbery, N.J.S.A. 2C:15-1, and first-degree aggravated manslaughter, N.J.S.A. 2C:11-4, for the robbery and shooting death of a gas station attendant in Laurel Springs. He was sentenced in February 1999, to an aggregate forty-six year term of incarceration with an aggregate twenty-three year period of parole ineligibility.[1] Appellant is an inmate at South Woods State Prison (SWSP).

On June 12, 2018, the SWSP Institutional Classification Committee (ICC)[2] unanimously denied appellant's request to reduce his custody

---

[1] He was sentenced to a sixteen-year term on the robbery count with eight years of parole ineligibility, and to a thirty-year term with fifteen years without parole on the aggravated manslaughter count.

[2] The ICC is responsible to "[r]eview . . . inmate applications for change in custody status . . . ." N.J.A.C. 10A:9-3.1(a)(3). It is comprised of the administrator of the institution, director of education, social work supervisor, correction major, supervising classification officer and other staff or designees. N.J.A.C. 10A:9-3.2(a)(1) to (5).

A-5738-17T4

classification status from gang minimum custody status[3] to full minimum custody status,[4] based on the "[f]ield account of [the] present offense [;] impulsive behavior exhibited in the offense[.]" This was the fourth time his request to reduce his custody status to "full minimum" was denied.

Appellant submitted an Inmate Inquiry on June 15, noting his charges did not prevent "further reduce[d] custody status." He argued the ICC's decision was "unsupported by the facts pertaining to [his] institutional record . . . ."

Respondent, Department of Corrections (Department), responded the denial of full minimum status based on impulsive behavior and the field account of appellant's offenses was "supported by Central Office." The ICC was permitted, at its discretion, to consider the factors in N.J.A.C. 10A:9-4.9, which included the criminal history, record of incarceration or any other factors relevant to successful placement.

---

[3] An inmate who is classified in gang minimum custody "may be assigned to activities or jobs which routinely require them to move outside the security perimeter of the correctional facility, but on the grounds of the facility and under continuous supervision of a custody staff member, civilian instructor or other employee authorized to supervise inmates." N.J.A.C. 10A:9-4.3(d).

[4] An inmate who is assigned to full minimum custody status can be assigned to "1. Work details, jobs or programs outside the main correctional facility, (on or off the grounds of the facility) with minimal supervision; and/or 2. A satellite unit or minimum security unit." N.J.A.C. 10A:9-4.3(e).

A-5738-17T4

In his June 29, 2018 Inmate Grievance, appellant contested the ICC decision that the present offense showed impulsive behavior. He argued this was unfounded and contrary to regulations because disciplinary infractions more than five years old could not be considered by the ICC. He claimed the ICC decision was arbitrary and capricious because he had no disciplinary infractions for the past nine years. The Department responded on July 2, 2018, that an inmate had no right to reduced custody under its regulations and it could take into consideration all relevant factors.

Appellant's appeal was denied at the institutional level on July 5, 2018. Appellant was advised he could appeal to the Central Office. He filed a notice of appeal with this court, appealing the July 5, 2018 decision.[5]

On appeal, appellant raises the following issues:

> POINT 1: THE DECISION TO CHARACTERIZE NGOMBE WAJAGGA'S INSTITUTIONAL ADJUSTMENT AS DISPLAYING IMPULSIVE BEHAVIOR WAS ARBITRARY AND CAPRICIOUS AND THEREFORE MUST BE REVERSED.

---

[5] There is no indication appellant appealed to the "Central Office." Because the Department has not argued appellant failed to exhaust his administrative remedies or that the appeal is interlocutory, it has waived these arguments. Drinker Biddle & Reath LLP v. N.J. Dep't of Law & Pub. Safety, 421 N.J. Super. 489, 496 n.5 (App. Div. 2011) (noting that claims not addressed in merits brief are deemed abandoned). See Pressler & Verniero, Current N.J. Court Rules, cmt. 5 on R. 2:6-2 (2019).

A-5738-17T4

POINT 2: THE ADMINISTRATOR'S FAILURE TO ADDRESS THE MERITS OF MR. WAJAGGA'S APPEAL RENDERS THE DECISION ARBITRARY AND CAPRICIOUS.

POINT 3: APPELLANT SHOULD BE GRANTED HIS FULL MINIMUM STATUS BECAUSE THE EVIDENCE IN THE RECORD IS CONTRARY TO THE COMMITTEE'S ASSERTIONS AND OPINIONS MAKING THE DECISION TO DENY HIM STATUS ARBITRARY, CAPRICIOUS AND UNREASONABLE.

## II.

Review of an administrative agency's final decision is limited. Kadonsky v. Lee, 452 N.J. Super. 198, 201-02 (App. Div. 2017) (citing In re Stallworth, 208 N.J. 182, 194 (2011)). "We will not reverse an agency's judgment unless we find the decision to be 'arbitrary, capricious, or unreasonable, or [] not supported by substantial credible evidence in the record as a whole.'" Id. at 202 (alteration in original) (quoting Stallworth, 208 N.J. at 194). We "defer to the specialized or technical expertise of the agency charged with administration of a regulatory system." K.K. v. Div. of Med. Assistance & Health Servs., 453 N.J. Super. 157, 160 (App. Div. 2018) (quoting In re Virtua-West Jersey Hosp., 194 N.J. 413, 422 (2008)). We have noted that the Legislature has provided for the broad exercise of the Department's discretion in all matters regarding the

administration of a prison facility. Russo v. N.J. Dep't of Corr., 324 N.J. Super. 576, 583 (App. Div. 1999).

The "[c]lassification of prisoners and the decision as to what privileges they will receive rests solely within the discretion of the Commissioner of the Department of Corrections." Smith v. N.J. Dep't of Corr., 346 N.J. Super. 24, 30 (App. Div. 2001). An inmate has no liberty interest in a particular custody level. See Hluchan v. Fauver, 480 F. Supp. 103, 108 (D.N.J. 1979). However, the Department's decision to deny reduced custody status must not be arbitrary, capricious or unreasonable, or unsupported by credible evidence in the record. Henry v. Rahway State Prison, 81 N.J. 571, 579-80 (1980); White v. Fauver, 219 N.J. Super. 170, 180 (App. Div.), modified sub. nom. Jenkins v. Fauver, 108 N.J. 239, 247 (1987).

Under the Department's regulations, "[c]hanges in inmate custody status within a particular correctional facility shall be made by the [ICC]." N.J.A.C. 10A:9-4.4(a). The ICC applies criteria set forth in the regulations and the "objective classification instrument score . . . to determine whether an inmate is eligible for reduced custody consideration." N.J.A.C. 10A:9-4.1(b).

In considering whether to reduce an inmate's custody status, the ICC "shall take into consideration all relevant factors." N.J.A.C. 10A:9-4.5(a). These

6

include the field account of the present offense, prior criminal record, previous incarcerations, correctional facility adjustment, residential community program adjustment, the objective classification score, reports from professional and custody staff, whether the conviction resulted in a life sentence and "[a]ny reason which, in the opinion of the Administrator and the [ICC], relates to the best interests of the inmate or the safe, orderly operation of the correction facility or the safety of the community or public at large." N.J.A.C. 10A:9-4.5(a)(1) to (9). The ICC is not compelled by these regulatory criteria to reduce an inmate's custody status. N.J.A.C. 10A:9-4.5(c).

In Smith, 346 N.J. Super. at 27, the inmate was transferred from one institution to another because of a "keep separate" order in his file. He had been classified at full minimum custody status before his transfer, but at the new institution, the ICC placed him in gang minimum custody status. Id. at 27-28. The administrator of the facility reviewed the ICC's determination, concluding that the inmate did not qualify for full minimum custody status. Id. at 28. We affirmed the decision but clarified that the administrator and the ICC must take into consideration all the factors regarding petitioner's status in making its classification decision. Id. at 32. "Neither the nature of an inmate's conviction, except for those offenses specifically excluded for eligibility in N.J.A.C. 10A:9-

A-5738-17T4

4.8, nor the location of a correctional facility within a residential area alone, may permanently disqualify an inmate from consideration for 'full minimum custody status.'" Ibid.

In this case, the decision to deny full minimum was not based on appellant's institutional record as he mistakenly asserts. The cited reason was "[f]ield account of present offense[;] impulsive behavior exhibited in the offense[.]" This referenced the offenses for which he was convicted. It was within the ICC's discretion to consider this in determining the appropriate custody status. There is no evidence the ICC failed to consider all the other factors under the regulations. Although as in Smith, 346 N.J. Super. at 32, the nature of an inmate's conviction may not permanently disqualify him from consideration of full minimum status, there is no evidence this was the case here, particularly given the unanimity of the ICC's decision. Appellant cites to his objective classification score as support for his argument he should have full minimum custody status, but that score was only part of the factors to be considered in determining custody status. The record does not support appellant's claim there was an abuse of discretion in denying his application for a lower custody status. The higher level of custody provided a higher level of supervision while he remains on the grounds of the facility.

Affirmed.

I hereby certify that the foregoing
is a true copy of the original on
file in my office.

CLERK OF THE APPELLATE DIVISION

A-5738-17T4