**NOT FOR PUBLICATION WITHOUT THE**
**APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-3671-18T4

KEMAL ALBUT,

      Appellant,

v.

NEW JERSEY DEPARTMENT
OF CORRECTIONS,

      Respondent.

_____

Submitted January 23, 2020 – Decided February 5, 2020

Before Judges Mayer and Enright.

On appeal from the New Jersey Department of Corrections.

Kemal Albut, appellant pro se.

Gurbir S. Grewal, Attorney General, attorney for respondent (Donna Arons, Assistant Attorney General, of counsel; Christopher Josephson, Deputy Attorney General, on the brief).

PER CURIAM

Appellant Kemal Albut appeals from the final determination of the Department of Corrections (DOC), adjudicating him guilty of institutional infraction *.009, misuse, possession, distribution, sale, or intent to distribute or sell, an electronic communication device, equipment, or peripheral that is capable of transmitting, receiving, or storing data and/or electronically transmitting a message, image, or data that is not authorized for use or retention, in violation of N.J.A.C. 10A:4-4.1(a).[1]  We affirm.

On January 7, 2019, appellant received an email, while an inmate at New Jersey State Prison.  The email included a collage of photos, some of which showed him in his prison cell.  At least some of the photos depicted appellant in "selfies," based on the angle and closeness of the photos.  Although his cell was searched, no cell phone was found in appellant's possession.

On January 9, 2019, a DOC sergeant served appellant with the *.009 charge and referred the charge to a hearing officer for further action.  Appellant was granted the assistance of a counsel substitute and pled not guilty to this charge.  At his hearing, appellant declined to make a statement and opted not to confront and cross examine witnesses.  The hearing officer determined

---

[1]  Appellant also was charged and pled guilty to prohibited act *.202, possession or introduction of a weapon, but does not contest his adjudication on this charge.

the contested photos depicted appellant in prison garb, inside of a prison cell, and were "selfies" taken by appellant. He was found guilty and sanctioned to 365 days of administrative segregation, 365 days loss of commutation time, permanent loss of contact visits, 60 days' loss of phone privileges and 30 days loss of email privileges. He appealed the decision and on February 11, 2019, an associate administrator upheld the guilty finding, as well as the sanctions imposed. This appeal followed.

Appellant argues there was insufficient evidence in the record to support the finding of guilt because no cell phone was found in his possession, nor did the evidence establish who took the photos or when they were taken. He claims his wife sent him the photos after logging on to his email account.

Next, appellant contends the associate administrator failed to address his argument regarding "newly discovered evidence." His claim of newly discovered evidence is tied to the photos at issue, as he asserts the photos were taken when he was previously incarcerated and found guilty of a *.009 charge.[2] He maintains he cannot be subjected to "double jeopardy" because he was

---

[2] In his administrative appeal, appellant indicates he was found guilty of the *.009 charge in 2007, but in his brief, he indicates he was found guilty of this charge in 2009.

"found guilty of the cell phone . . . while incarcerated in Northern State Prison in 2009."

Our scope of review of an agency decision is limited. In re Stallworth, 208 N.J. 182, 194 (2011); Figueroa v. N.J. Dep't of Corr., 414 N.J. Super. 186, 190 (App. Div. 2010). Reviewing courts presume the validity of the "administrative agency's exercise of its statutorily delegated responsibilities." Lavezzi v. State, 219 N.J. 163, 171 (2014). "We defer to an agency decision and do not reverse unless it is arbitrary, capricious[,] or unreasonable or not supported by substantial credible evidence in the record." Jenkins v. N.J. Dep't of Corr., 412 N.J. Super. 243, 259 (App. Div. 2010). But, an agency's "interpretation of the law and the legal consequences that flow from established facts are not entitled to any special deference." Manalapan Realty, L.P. v. Twp. Comm. of Manalapan, 140 N.J. 366, 378 (1995).

Here, the agency's decision is supported by sufficient credible evidence on the record as a whole, Rule 2:11-3(e)(1)(D), and is not arbitrary, capricious, or unreasonable. Henry v. Rahway State Prison, 81 N.J. 571, 580 (1980). Further, appellant was afforded the process due an inmate in disciplinary proceedings. See McDonald v. Pinchak, 139 N.J. 188, 195 (1995); Avant v. Clifford, 67 N.J. 496, 522-33 (1975). His bald, inconsistent argument that he

was deprived of due process because the agency failed to consider "newly discovered evidence" from ten or twelve years ago is unavailing.

To the extent we have not addressed defendant's remaining arguments, we find them to be without sufficient merit to warrant discussion in a written opinion. R. 2:11-3(e)(1)(E).

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION