**NOT FOR PUBLICATION WITHOUT THE**
**APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-2877-18T2

ASMAR THOMPSON,

      Appellant,

v.

NEW JERSEY DEPARTMENT
OF CORRECTIONS,

      Respondent.

_____

Submitted April 28, 2020 – Decided May 28, 2020

Before Judges Hoffman and Currier.

On appeal from the New Jersey Department of Corrections.

Asmar Thompson, appellant pro se.

Gurbir S. Grewal, Attorney General, attorney for respondent (Jane C. Schuster, Assistant Attorney General, of counsel; Christopher Josephson, Deputy Attorney General, on the brief).

PER CURIAM

Asmar Thompson, a New Jersey State Prison (NJSP) inmate, appeals from a November 9, 2018 final agency decision of the Department of Corrections (DOC), finding him guilty and imposing sanctions for committing prohibited act *.306, conduct which disrupts or interferes with the security or orderly running of the correctional facility, in violation of N.J.A.C. 10A:4-4.1(a). We affirm.

We discern the following facts from the record. On October 11, 2018, NJSP placed Thompson on temporary closed custody (TCC) status, which resulted in him having to change cells. After undergoing an evaluation at the prison medical clinic, corrections officers escorted Thompson to his new cell. There, the officers ordered Thompson to enter the cell, but he refused and became argumentative about his TCC placement.

Thompson became physically aggressive, prompting Sgt. Christopher Donet to call a Code 33.[1] With the assistance of responding officers, Sgt. Donet successfully restrained Thompson to the ground. The officers then escorted Thompson back to the medical clinic.

As a result of the altercation, DOC charged Thompson with committing prohibited act *.306. On October 12, 2018, a corrections officer served

---

[1] A Code 33 alerts DOC staff of an emergency within the prison and signals all available staff to respond to the emergent situation.

Thompson with the charge and investigated the incident, referring the charge to a disciplinary hearing officer for further action.

The hearing occurred on October 29, 2018, following postponements due to the hearing officer's need to obtain additional information and Thompson's request for confrontation and a polygraph. The polygraph request was denied. The hearing officer granted Thompson's request for the assistance of a counsel substitute.

The hearing officer considered Thompson's arguments, the testimony of four corrections officers and video evidence which showed Thompson refusing to enter the cell and arguing with the officers. Based on the evidence, the hearing officer found Thompson guilty and sanctioned him to 150 days' administrative segregation, 210 days' loss of commutation time, 30 days' suspension of email privileges, and 30 days' loss of phone privileges. The hearing officer found that corrections officers gave Thompson three minutes to comply with a reasonable order. Thompson refused to follow the order, which resulted in a disruption to the orderly running of the prison.

Thompson administratively appealed the hearing officer's decision. On November 9, 2018, the Associate Administrator upheld the guilty finding and sanctions imposed. On appeal to this court, Thompson contends the hearing

A-2877-18T2

officer's decision was arbitrary, capricious and not based on substantial credible evidence.

After a careful review of the record, we find Thompson's claims lack sufficient merit to warrant extensive discussion in a written opinion. R. 2:11-3(e)(1)(D). We add the following brief comments.

The scope of appellate review of an administrative agency's final decision is limited. In re Herrmann, 192 N.J. 19, 27 (2007). Decisions by an agency will be upheld, unless the decision is "arbitrary, capricious or unreasonable or it is not supported by substantial credible evidence in the record as a whole." Henry v. Rahway State Prison, 81 N.J. 571, 579-80 (1980). Our review is limited to whether the agency's findings could reasonably have been reached based on substantial evidence in the record. In re Taylor, 158 N.J. 644, 656 (1999). See also Avant v. Clifford, 67 N.J. 496, 530 (1975) (noting the substantial evidence standard applied to guilty findings in DOC appeals). "Substantial evidence" is "such evidence as a reasonable mind might accept as adequate to support a conclusion." In re Hackensack Water Co., 41 N.J. Super. 408, 418 (App. Div. 1956).

Applying this standard of review to the record before the hearing officer, there was substantial credible evidence to support finding Thompson guilty of

4

prohibited act *.306. The hearing officer found the testimony of the four corrections officers credible and corroborated by the video evidence of Thompson refusing to enter the cell and becoming argumentative.

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION