**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-3477-18

REGINALD VENABLE, a/k/a
REGGI MONEY, and
REGINALD MONEY,

      Appellant,

v.

NEW JERSEY DEPARTMENT
OF CORRECTIONS,

      Respondent.

_____

Submitted March 8, 2021 – Decided May 14, 2021

Before Judges Mayer and Susswein.

On appeal from the New Jersey Department of Corrections.

Reginald Venable, appellant pro se.

Gurbir S. Grewal, Attorney General, attorney for respondent (Jane C. Schuster, Assistant Attorney General, of counsel; Stephanie R. Dugger, Deputy Attorney General, on the brief).

PER CURIAM

Appellant, Reginald Venable, is an inmate at East Jersey State Prison. He appeals from the February 26, 2019 final agency decision by the Department of Corrections (Department) finding him guilty of the asterisk offense[1] of possession of materials associated with a security threat group (STG). See N.J.A.C. 10A:4-4.1 *011. Venable contends the material was of a religious nature related to the Nation of Islam and that he is not affiliated with a gang. After carefully reviewing the record, the arguments of the parties, and the applicable legal principles, we affirm the Department's decision.

Venable is currently serving a fifty-year prison sentence with a twenty-year period of parole ineligibility for his conviction for first-degree robbery and unlawful possession of a handgun. The disciplinary hearing was conducted on February 25, 2019, at which Venable requested and was granted the assistance of substitute counsel. Venable pled guilty to the charged offense but requested consideration. Venable did not testify, produce evidence, or avail himself of the opportunity afforded to him and his substitute counsel to cross-examine the Department's witness.

---

[1] Under the Department's regulations on inmate discipline, N.J.A.C. 10A:4-4.1, "[a]sterisk offenses" are prohibited acts considered to be the most serious violations, resulting in the most severe sanctions.

A-3477-18

According to the evidence presented by the Department at the disciplinary hearing, on February 19, 2019, Corrections Officer Madore discovered written materials in a bin under Venable's bed. Officer Madore testified based on his training and experience that the confiscated material included lessons from the STG known as the Five Percenters.[2]

After hearing the Department's testimony, the Hearing Officer found Venable guilty and imposed 100 days of administrative segregation, twenty days of loss of recreation privileges, and ten days of loss of commutation time. Venable immediately appealed the decision. On February 26, 2019, an associate administrator upheld the Hearing Officer's decision.

Venable raises the following arguments for our consideration:

POINT I

THE FINDING OF GUILT IN THIS CASE WAS NOT BASED UPON SUBSTANTIAL EVIDENCE IN THE RECORD AND CANNOT BE SUSTAINED. (Not Raised Below).

POINT II

THE NEW JERSEY DEPARTMENT OF CORRECTIONS HAS FAILED TO DEMONSTRATE

---

[2] In Hetsberger v. Dep't of Corr., 395 N.J. Super. 548 (2007), we had occasion to discuss this STG, which is also known as the "Five Percent Nation" and "the Nation."

HOW THE DOCUMENTS FOUND IN VENABLE'S CELL WERE STG RELATED MATERIAL. (Not Raised Below).

POINT III

APPELLANT WAS DENIED DUE PROCESS OF LAW BY THE FAILURE OF THE PRISON ADMINISTRATION TO WHOM THIS CASE WAS FIRST APPEALED TO CONSIDER THE GROUND FOR APPEAL URGED BY APPELLANT. (Not Raised Below).

A. THE ESSENTIAL ELEMENTS OF DUE PROCESS ARE NOTICE, HEARING, AN OPPORTUNITY FOR REVIEW, AND ABIDING BY ONE'S OWN STATED RULES AND REGULATIONS. (Not Raised Below).

B. BY FAILING TO ADEQUATELY CONSIDER APPELLANT'S APPEAL NOTICE, THE OPPORTUNITY FOR REAL REVIEW WAS DENIED APPELLANT AT THE INSTITUTIONAL LEVEL. (Not Raised Below).

In Avant v. Clifford, the New Jersey Court explained the procedural protections afforded to inmates charged with institutional infractions. 67 N.J. 496 (1975). Inmates facing serious discipline must be provided notice of the charge, a reasonable period to prepare a defense, a hearing before a neutral hearing officer or adjustment committee, the right to present witnesses and evidence, and the right to confront and cross-examine Department witnesses or to obtain the hearing body's reasoning for denying such confrontation and cross-

4

examination.  Id. at 525–33; see also McDonald v. Pinchak, 139 N.J. 188 (1995);

Jacobs v. Stephens, 139 N.J. 212 (1995).  As the Supreme Court noted in

McDonald, the regulatory framework for adjudicating charges "strike[s] the

proper balance between the security concerns of the prison, the need for swift

and fair discipline, and the due process rights of the inmates."  139 N.J. at 202.

The scope of our review is narrow.  As a general matter, we will disturb

an agency's adjudicatory decision only upon a finding that the decision is

"arbitrary, capricious or unreasonable," or is unsupported "by substantial

credible evidence in the record as a whole."  Henry v. Rahway State Prison, 81

N.J. 571, 579–80 (1980) (citing Campbell v. Dep't of Civil Service, 39 N.J. 556,

562 (1963)).  In determining whether an agency action is arbitrary, capricious,

or unreasonable, a reviewing court must examine:

> (1) [W]hether the agency's action violates express or
> implied legislative policies, that is, did the agency
> follow the law; (2) whether the record contains
> substantial evidence to support the findings on which
> the agency based its action; and (3) whether in applying
> the legislative policies to the facts, the agency clearly
> erred in reaching a conclusion that could not reasonably
> have been made on a showing of the relevant factors.
>
> [In re Carter, 191 N.J. 474, 482 (2007) (quoting Mazza
> v. Bd. of Trs., 143 N.J. 22, 25 (1995)).]

Our deference to the adjudicatory decisions made by the Department is especially appropriate in view of its important mission to safeguard prison safety and security. See Blanchard v. N.J. Dep't of Corr., 461 N.J. Super. 231, 238–39 (App. Div. 2019) (cautioning that a reviewing court should "not substitute its own judgment for the agency's"). In Blanchard, we emphasized that "prisons are dangerous places, and the courts must afford appropriate deference and flexibility to administrators trying to manage this volatile environment." Id. at 238 (quoting Russo v. N.J. Dep't of Corr., 324 N.J. Super. 576, 584 (App. Div. 1999)).

Furthermore, we are deferential to an agency's expertise. See Murray v. State Health Benefits Comm'n, 337 N.J. Super. 435, 442 (App. Div. 2001) ("[W]here there is substantial evidence in the record to support more than one regulatory conclusion, it is the agency's choice which governs.") (quotation marks omitted) (quoting In re Vineland Chemical Co., 243 N.J. Super. 285, 307 (App. Div. 1990)). In this instance, we recognize that the Department not only has a compelling interest in preventing criminal street gangs and other STGs from recruiting or indoctrinating inmates, but also has developed expertise in identifying those organizations and the materials that are associated with them.

In an appeal from a final decision of the Department in a prisoner disciplinary matter, we consider whether there is substantial evidence in the record to support the Department's decision that the inmate committed the prohibited act. Blanchard, 461 N.J. Super. at 237–38 (citing Henry, 81 N.J. at 579–80 (1980)). Substantial evidence has been defined alternately as "such evidence as a reasonable mind might accept as adequate to support a conclusion," and "evidence furnishing a reasonable basis for the agency's action." Ibid. (quoting Figueroa v. N.J. Dep't of Corr., 414 N.J. Super. 186, 192, (App. Div. 2010)) (citations omitted); see also N.J.A.C. 10A:4-9.15(a) ("A finding of guilt at a disciplinary hearing shall be based upon substantial evidence that the inmate has committed a prohibited act."). However, we note that "our review is not 'perfunctory,' nor is 'our function . . . merely to rubberstamp an agency's decision.'" Ibid. (quoting Figueroa, 414 N.J. Super. at 192). Rather, "[w]e are constrained to engage in a 'careful and principled consideration of the agency record and findings.'" Ibid. (quoting Williams v. Dep't of Corr., 330 N.J. Super. 197, 204 (App. Div. 2000)).

We are satisfied that the Department in this case presented substantial evidence that Venable possessed the materials found under his bed, that those materials relate to the Five Percenters, and that the Fiver Percenters is an STG.

This evidence was sufficient to establish that Venable possessed STG materials in violation of institutional regulations. As we have noted, Venable declined the opportunity that was afforded to him to testify, call witnesses, produce evidence, or cross-examine the Corrections Officer who testified for the Department. Based on the information presented at the disciplinary hearing, the Department's affirmance of the Hearing Officer's decision was not arbitrary, capricious, or unreasonable.

We also reject Venable's contention that he was denied the right to administratively appeal the Hearing Officer's decision. The record clearly shows that the Associate Administrator considered and denied Venable's administrative appeal, explaining "[i]t has been a long-established rule that STG Material is not permitted for retention. Possession of this material jeopardizes security."

To the extent we have not specifically addressed them, any remaining arguments raised by Venable in this appeal lack sufficient merit to warrant discussion. R. 2:11-3(e)(1)(d).

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

A-3477-18