**NOT FOR PUBLICATION WITHOUT THE**
**APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-4025-19

MICHAEL HERSEY,

     Appellant,

v.

NEW JERSEY DEPARTMENT
OF CORRECTIONS,

     Respondent.

_____

Submitted December 14, 2021 – Decided December 27, 2021

Before Judges Mayer and Natali.

On appeal from the New Jersey Department of Corrections.

Michael Hersey, appellant pro se.

Andrew J. Bruck, Attorney General, attorney for respondent (Jane C. Schuster, Assistant Attorney General, of counsel; Chanell M. Branch, Deputy Attorney General, on the brief).

PER CURIAM

Appellant Michael Hersey, an inmate at Bayside State Prison, appeals from a May 12, 2020 final agency decision issued by respondent New Jersey Department of Corrections (DOC) finding him guilty of prohibited act *.252, encouraging others to riot, and imposing sanctions. We affirm.

On April 9, 2020, Hersey resided in a quarantine unit at Southern State Correctional Facility. When the prison staff attempted to move additional inmates into the unit, there was a disturbance in the day room. At 9:20 p.m., the unit's current inmates began yelling, cursing, and demanding no additional inmates be relocated to the unit. At 9:30 p.m., officers directed the inmates leave the day room, return to their bunks, and report for the standard inmate count.

The inmates ignored the officers' commands, refusing to leave the day room and report to their wings as instructed. Instead, the inmates remained in the day room, watching television, using the kiosks, and talking on the telephones. Additionally, some inmates used a table in the day room to barricade the door to the unit. Because the inmates were wearing surgical masks due to COVID, the officers on duty and video surveillance footage could not identify the inmates who remained in the day room after being instructed to return to their bunks. The events that evening were recorded on the prison's video

monitoring system. The officers were eventually able to secure, process, and transport the inmates to another prison facility six hours after the disruption began.

Hersey was charged with *.252, encouraging others to riot, a prohibited act under N.J.A.C. 10A:4-4.1(a).[1] Hersey requested and was granted the assistance of a counsel substitute and pleaded not guilty. In response to the charge, Hersey claimed to be asleep in his bunk during the incident.

A hearing was conducted before a hearing officer. Telephone records listing the names of inmates using the phones after 9:30p.m. were submitted into evidence. Those records indicated Hersey made a six-minute telephone call at 9:44 p.m., after all inmates were instructed to vacate the day room and return to their bunks. The hearing officer also considered video evidence of the incident and the written statements of the officers who resolved the disturbance.

The hearing officer found Hersey guilty of prohibited act *.252. She found Hersey "was on the phone after count was called, [and] his actions contributed and promoted the lack of order and disarray." The hearing officer sanctioned Hersey to 210 days' administrative segregation, ninety days' loss of

---

[1] Sixty-two other inmates were charged with the same institutional infraction as Hersey.

commutation time, and ten days' loss of recreation privileges. In support of the sanctions imposed, the hearing officer explained, "[i]nmate[']s behaviors could have led to violence and injuries for staff and inmates . . . . Said behaviors cannot be tolerated and any future behavior of this type must be deterred for safety and security purposes."

Hersey administratively appealed the hearing officer's decision to the DOC. The agency affirmed the hearing officer's decision because "[t]he video supports that all inmates were actively engaged in the incident whether acting out, [or] refusing to disperse. There is no video evidence that any inmate took precaution to recuse himself during the incident to his bunk . . . ." In affirming the hearing officer's decision, the DOC concluded Hersey's behavior during the incident contributed to the general chaos, disorder, and danger within the prison.

On appeal, Hersey argues "[t]he disciplinary hearing officer's finding of guilt on the charge of riot was not supported by substantial evidence and therefore it must be reversed." We disagree.

Our review of an agency determination is limited. In re Stallworth, 208 N.J. 182, 194 (2011). We will not reverse an administrative agency's decision unless it is "arbitrary, capricious[,] or unreasonable[,] or [] not supported by substantial credible evidence in the record as a whole." Ibid. (omission in

A-4025-19

original) (quoting Henry v. Rahway State Prison, 81 N.J. 571, 579-80 (1980)). The "final determination of an administrative agency . . . is entitled to substantial deference." In re Eastwick Coll. LPN-to-RN Bridge Program, 225 N.J. 533, 541 (2016) (citing Univ. Cottage Club of Princeton N.J. Corp. v. N.J. Dep't of Envtl. Prot., 191 N.J. 38, 48 (2007)).

N.J.A.C. 10A:4-4.1(a) provides:

> An inmate who commits one or more of the following numbered prohibited acts shall be subject to disciplinary action and a sanction that is imposed by a Disciplinary Hearing Officer . . . . Prohibited acts preceded by an asterisk (*) are considered the most serious and result in the most severe sanctions . . . . Prohibited acts are further divided into five categories of severity (Categories A through E) with Category A being the most severe and Category E the least severe.

A Category A offense, including prohibited act *.252, encouraging others to riot, "shall result in a sanction of no less than 181 days and no more than 365 days of administrative segregation per incident . . . ." A hearing officer's finding that an inmate committed a prohibited act must be supported by "substantial evidence." N.J.A.C. 10A:4-9.15(a).

Having reviewed the record, we are satisfied there was substantial credible evidence to support finding Hersey guilty of prohibited act *.252. Although the unit's inmates wore masks, the video evidence and officers' statements supported

5

the determination that the inmates in the day room at the time of the disruption failed to comply with commands to return to their bunks and be counted. There is no evidence in the record corroborating Hersey's statement that he was sleeping in his bunk at the time of the incident. The evidence demonstrated Hersey and other inmates in the day room defied orders issued by the officers. Thus, the inmates' conduct that day, including Hersey, interfered with the prison's ability "to manage th[e unit's] volatile environment." Russo v. N.J. Dep't of Corr., 324 N.J. Super. 576, 584 (App. Div. 1999).

To the extent we have not specifically addressed Hersey's remaining contentions, we find those contentions lack sufficient merit to warrant a discussion in a written opinion. R. 2:11-3(e)(1)(E).

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

6

A-4025-19