**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. <u>R.</u> 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-1241-19

KEVIN JONES,

     Appellant,

v.

NEW JERSEY DEPARTMENT
OF CORRECTIONS,

     Respondent.

_____

Submitted February 9, 2022 – Decided March 23, 2022

Before Judges Hoffman and Whipple.

On appeal from the New Jersey Department of Corrections.

Kevin Jones, appellant pro se.

Andrew J. Bruck, Acting Attorney General, attorney for respondent (Donna Arons, Assistant Attorney General, of counsel; Tasha Marie Bradt, Deputy Attorney General, on the brief).

PER CURIAM

Petitioner, Kevin Jones, an inmate in New Jersey State Prison (NJSP) appeals from the August 13, 2019 final state agency decision, which upheld the hearing officer's finding that petitioner was guilty of committing prohibited act *.256 – disobeying a direct order from a staff member. We affirm.

On July 18, 2019, during a scheduled interview with Assistant Superintendent Emrich, petitioner became agitated and attempted to leave the room. Lieutenant Sangale ordered him to remain seated during the interview, but despite these repeated commands, petitioner left the room stating "fuck it, you all can have this shit." Officer Legore attempted to call petitioner back as he left the room, but he continued to walk away. Lieutenant Sangale reported the incident to North Sergeant Watters. Department of Corrections (Department) staff searched petitioner and placed him in handcuffs, and medical staff cleared him for placement in pre-hearing detention. Department staff issued petitioner a charge for *.256, refusing to obey the order of any staff member. The following day, Department staff served the disciplinary charge on petitioner, investigated, and referred the charge to a Disciplinary Hearing Officer (DHO) for further action. The disciplinary hearing began on July 22, 2019, but was postponed, pending a mental health evaluation.

2

Petitioner pleaded not guilty to the charge against him, and requested the assistance of counsel substitute, which was granted.

Petitioner and counsel substitute were granted the opportunity to make a statement on his behalf. Petitioner maintained that he was never told to remain seated. Petitioner was offered the opportunity to request witness statements and to cross-examine adverse witnesses. After initially requesting a confrontation, petitioner rescinded his request and declined the opportunity to request witness statements. After considering all the testimony presented and evidence proffered, the DHO found petitioner guilty of prohibited act *.256. The DHO noted custody personnel reported that during a scheduled interview, petitioner "became agitated [and] started to walk out of the room, despite orders to sit back down." The DHO emphasized that while petitioner initially made requests for additional information and confrontation, he rescinded his requests several minutes later. The DHO ultimately concluded that petitioner failed to provide any evidence to support his claims or discredit staff reports.

Petitioner was sanctioned with forty days' loss of commutation time; thirty days' administrative segregation; sixty days' suspension; and twenty days' loss of phone privileges. In imposing these sanctions, the DHO reasoned petitioner "appeared to accept no responsibility for his actions." The DHO

A-1241-19

also emphasized that "the orders were reasonable," that petitioner should have complied, and that he must be held responsible for his non-compliance.

Petitioner administratively appealed the decision of the DHO, arguing that his due process rights were violated. On August 13, 2019, NJSP Assistant Superintendent Emrich upheld the decision of the DHO, finding that the hearing officer complied with the New Jersey Administrative Code and that the preponderance of the evidence presented supported the guilty decision. This appeal followed wherein petitioner raised the following arguments:

> POINT I.
> APPELLANT WAS DENIED CONFRONTATION WITH HIS ACCUSER IN VIOLATION OF 10A:14-9(a).
>
> POINT II.
> DHO T. CORTES TOOK ON ROLE OF PROSECUTOR .
>
> POINT III.
> HEARING OFFICER'S DECISION WAS BOTH ARBITRARY AND CAPRICIOUS AND THE DECISION WAS NOT BASED ON SUBSTANTIAL CREDIBLE EVIDENCE IN VIOLATION OF CLEARLY ESTABLISHED LAW PURSUANT TO WOLFF V. MCDONNELL AND AVANT V. CLIFFORD.
>
> POINT IV.
> THE DISCIPLINARY REPORT BY SGT. WATTERS SHOULD HAVE BEEN DISMISSED SINCE SGT. WATTERS DID NOT WITNESS THE ALLEGED

INFRACTION AND SGT. WATTERS USED HEARSAY INFORMATION AS THE BASIS FOR PROBABLE CAUSE WHICH VIOLATED APPELLANT[']S RIGHT TO BE TREATED FAIR AND IMPARTIAL BY ALL DEPARTMENT OF CORRECTIONS STAFF.

POINT V.
APPELLANT['S] FEDERAL AND STATE DUE PROCESS RIGHTS WERE VIOLATED BECAUSE THE DISCIPLINARY HEARING OFFICER DID NOT COMPLY WITH THE PROCEDURAL SAFEGUARDS THAT ENSURE THAT APPELLANT RECEIVES A FAIR AND IMPARTIAL HEARING AND THE FINDING OF GUILT WAS NOT BASED ON SUBSTANTIAL CREDIBLE EVIDENCE.

POINT VI.
THE CUMULATIVE EFFECT DENIED APPELLANT HIS CONSTITUTIONAL RIGHTS TO A FAIR HEARING, DUE PROCESS AND EQUAL PROTECTION UNDER THE LAW.

Our review of final administrative agency decisions is limited. Malacow v. N.J. Dep't of Corr., 457 N.J. Super. 87, 93 (App. Div. 2018). An administrative agency's decision will not be reversed unless it is "arbitrary, capricious or unreasonable or it is not supported by substantial credible evidence in the record as a whole." Henry v. Rahway State Prison, 81 N.J. 571, 579-80 (1980). "'Substantial evidence' means 'such evidence as a reasonable mind might accept as adequate to support a conclusion.'" Figueroa

5

v. N.J. Dep't of Corr., 414 N.J. Super. 186, 192 (App. Div. 2010) (quoting In re Pub. Serv. Elec. & Gas Co., 35 N.J. 358, 376 (1961)). We have reviewed the record and reject each of petitioner's arguments.

Petitioner argues that he was denied confrontation with his accuser in violation of N.J.A.C. 10A:4-9.14(a). However, he rescinded his request for confrontation by stating that he "d[id not] wan[t to] submit or request anything further." Confrontation must only be provided upon request of the inmate "in such instances . . . necessary for an adequate presentation of the evidence, particularly where serious issues of credibility are involved." N.J.A.C. 10A:4-9.14(a). Petitioner initially requested such confrontation, but he rescinded this request and therefore was not deprived of any right to confrontation.

Petitioner argues DHO Cortes took on the role of prosecutor in not conducting an impartial investigation. The record demonstrates an investigation was conducted within forty-eight hours of the disciplinary report and DHO Cortes used her discretion under N.J.A.C. 10A:4-9.6 and determined that further investigation was not necessary because the facts were sufficient to set forth a basic understanding of the incident. We discern no impartiality.

Petitioner also argues that the DHO's decision violated the "arbitrary and capricious" standard and that the DHO failed to explain why she found the

6

officers' reports more credible, which violated his due process rights. Officers Hunter and Legore witnessed the incident, and Officer Watters was immediately called to the scene to escort petitioner out. Based on the disciplinary reports signed by the officers, DHO Cortes had substantial evidence from these three corroborative reports – as well as the findings from Sgt. Bezek's investigative report – to support her finding.

Petitioner argues Officer Watters' reporting of the incident should be dismissed since Watters did not personally witness the incident; however, the Administrative Code provides that either "the DOC staff member . . . who witnessed it or who has probable cause to believe that a prohibited act has occurred shall prepare Form 259 . . . ." N.J.A.C. 10A:4-9.1(a). In Weston v. State, 60 N.J. 36, 51 (1972), the Court ruled "that a fact finding or a legal determination cannot be based upon hearsay alone." However, the Court in Weston went on to say "[h]earsay may be employed to corroborate competent proof . . . . But . . . there must be a residuum of legal and competent evidence to support it." Ibid. Here, Watters had sufficient evidence to complete the disciplinary report, as he was called to the scene to escort petitioner and had reviewed the firsthand reports of the incident authored by witnesses Officers Legore and Sangale.

A-1241-19

Petitioner next argues he was denied due process. This argument fails for the same reasons that his earlier argument for confrontation failed. Although inmates are not entitled to the same due process protections as criminal defendants, they are guaranteed certain limited protections. See McDonald v. Pinchak, 139 N.J. 188, 194 (1995); Avant v. Clifford, 67 N.J. 496, 523 (1975). Here, petitioner was given written notice of the charge at least twenty-four hours before the hearing, he was provided with counsel substitute, and he was offered an opportunity to call and confront witnesses. By his own account, petitioner was afforded every due process right available to him through the Administrative Code. His hearing was postponed upon request so that the hearing officer could review petitioner's mental health disciplinary report. His sanctions were imposed after consideration of N.J.A.C. 10A:4-9.17(a) and careful review of his history with mental illness.

Petitioner 's final argument that the cumulative error doctrine applies must fail since he failed to show a single error with any of his other arguments.

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

A-1241-19